## HARPER *v.* RAGAN, Agent, &c.

The defendant had signed a subscription paper, promising to pay a certain sum of money towards defraying the expenses of erecting the public buildings at *Connersville,* provided a new county should be established, and *Connersville* be made the seat of justice—the money to be paid into the hands of any person whom the board of commissioners of the new county should authorise to receive it. *Held,* that the county agent, having no legal or beneficial interest in the contract, could not sue upon it in his own name.

If the agent had been specially appointed by the commissioners to receive the money, which was to be paid to any person thus appointed, that circumstance would not have authorised a suit in his own name.

*Semble,* that if one person promise another for the benefit of a third, the third person may sue.

ERROR to the *Fayette* Circuit Court.

BLACKFORD, J.—*Ragan,* as agent of the county of *Fayette,* brought an action of debt against *Harper,* upon a subscription paper, in which the defendant promised in writing to pay 75 dollars towards defraying the expenses of erecting the public buildings at *Connersville,* provided a new county should be established, and *Connersville* be made the seat of justice: the money to be paid into the hands of any person whom the board of commissioners of the new county should authorise to receive it. The declaration avers the establishment of the new county of *Fayette,* and of the seat of justice at *Connersville;* also, the appointment of the plaintiff, by the commissioners, agent for the county, and notice of the premises to the defendant. General demurrer to the declaration, and judgment for the plaintiff below.

The only question, presented by the parties in this cause, for

our consideration is, whether the agent of the county is the proper person to sue on this instrument of writing. There is nothing in the statute authorising the appointment of a county agent, which gives him specially any authority to sue, in his own name, for a debt of this kind due to the county. The right therefore of *Ragan*, as agent of the county, to sue in his own name in this case, depends upon general principles; and to determine it correctly, we must ascertain whether he has such an interest in the contract, as justifies the suit. His being general agent of the county merely will not do. Agents and attorneys, authorised to collect debts due to others, have not the interest of the contract, and cannot sue in their own names, but only in the names of their principals. *Jones* v. *Hart's* executors, 1 Hen. & Munf. 471.—*Gunn* v. *Cantine*, 10 Johns. Rep. 387.

Supposing him to have been specially appointed by the commissioners to receive this money, which was to be paid to any person thus appointed, that circumstance, it is conceived, would not authorise this suit. In that case, *Ragan* would be considered only as the medium through which the money was to be paid to the county, not as the person beneficially interested. To this, the case of *Piggott* v. *Thompson*, 3 Bos. & Pull. 147, may be cited. There certain persons were appointed, by act of parliament, commissioners for draining lands, and were empowered to erect toll gates. They let the tolls to a person who signed this instrument of writing: "*June* 23rd, 1798.— Now to be let the several tolls of Burnt Fen first district, with the toll house. *June* 23rd, 1798.—I do hereby acknowledge to have hired the above tolls for three years by private contract, at one hundred and forty-five pounds per annum, to be paid to the treasurer of the commissioners at his house in *Ely*, by twelve equal monthly payments in each year: the first payment to begin and be made on the 24th day of *July* next." The treasurer, upon this contract, brought suit. At the date of the contract, and at the time of the trial, he was treasurer to the commissioners, appointed under the act of parliament, with an annual salary. The Court held, that the action would not lie in the name of the treasurer; and that the commissioners alone could sue; that the contract was with them, to pay to their treasurer, not for his, but for their benefit.

The same doctrine has been heretofore recognized by this Court. A board of commissioners sued a county collector for not paying over the taxes collected. It was objected, that as it was the duty of the collector to pay the taxes to the county treasurer, the treasurer, not the commissioners, should have sued. The Court held the action to be rightly brought. The money being due to the county, the commissioners, by the express words of the statute, were the proper persons to sue. *Board of Commissioners of Gibson County* v. *Harrington, November* term, 1823 (1).

In the case now before the Court, the defendant promised to pay a certain sum, into the hands of any person whom the commissioners should appoint to receive it, towards defraying the expenses of erecting the public buildings, upon certain conditions, the performance of which is averred. We cannot perceive how the legal or beneficial interest of this promise can be supposed to exist in the county agent. It is not the case of one person promising another for the benefit of a third: there perhaps the third person may sue, though the cases are not uniform as to that; nor does it come within the exceptions to the general rule like some cases of factors, brokers, &c. No consideration passed from the plaintiff, no promise was made to him, nor to another for his benefit. It is merely the case of a conditional promise to pay to the county, through the medium of some person to be authorised to receive it, a certain sum of money, not for the benefit of that person, but for the exclusive benefit of the county.

The Court is therefore of opinion, that this is a contract, if valid, in which the county agent has no interest, legal or beneficial, which, upon general principles, can enable him to sue in his own name; and as he is not specially authorised by the statute thus to sue in such cases, it follows that this action, in the name of the agent, cannot be supported.

*Per Curiam.*—The judgment is reversed with costs.

*Wick*, for the plaintiff.

*Smith*, for the defendant.

(1) Vol. I. of these Rep. 260.