May Term,
1834.

MORROW
v.
SEAMAN.

*Per Curiam.*—The judgment is affirmed with costs.

*W. W. Wick,* for the plaintiff.

*W. Herod,* for the state.

## MORROW v. SEAMAN.

A note was given to a private association, for a debt due them, as follows:—" I acknowledge myself indebted to the trustees of the *Springborough* school society in the sum of 28 dollars and 89 cents, which I promise to pay unto *A. B.,* treasurer of said society," &c. *Held,* that a suit would not lie, on this note, in the name of the treasurer.

Monday,
May 26.

ERROR to the *Rush* Circuit Court. *Seaman* was the plain-tiff below, and obtained a judgment.

STEVENS, J.—The facts of this case are these:—In the year 1821, and before that time, there existed an association of indi-viduals, who had associated themselves together for the pro-motion of common school education, under the name of the "trustees of the *Springborough* school society;" and they had a treasurer by the name of *Jacomiah Seaman.* The society owned and possessed a school house which they rented to *John Morrow,* the plaintiff in error; and on the 15th day of *December,* 1831, he was in arrears for the rent to the society, in the sum of 28 dollars and 89 cents, and for the payment of which he gave a promissory note in these words—" I acknowledge myself indebted to the 'trustees of the *Springborough* school society,' in the sum of 28 dollars and 89 cents, which I promise to pay unto *Jacomiah Seaman,* treasurer for said society," &c. After giving this note to *Seaman,* and long before any suit was brought on it, the society dissolved itself, and this note was delivered up to the members of the association as part of their effects, by *Sea-man,* he having no beneficial interest therein, and the office of treasurer to the society having ceased to exist. After which, the suit under consideration was brought in the name of the said *Jacomiah Seaman.*

The question raised for the consideration of the Court is, whether an action will lie on the above described promissory note and state of facts, in the name of *Jacomiah Seaman?*

The only true rule by which it can in all cases be determined who should be the plaintiff, in actions founded upon contract, is, to ascertain with whom the contract has been made, or in other words, who has the legal interest in the contract; for he alone can complain that it has been broken and can enforce its performance; and this inquiry is governed by the nature and true intent and meaning of the agreement itself. In the case now under consideration there is no doubt or difficulty whatever; the contract was not made with *Jacomiah Seaman,* nor was *Morrow,* the obligor in the contract, indebted to *Seaman.* He was indebted to those persons known by the artificial name of the "trustees of the *Springborough* school society," and with them he contracted, and to them he promised to pay, and in them the legal interest exists. No consideration whatever passed from *Seaman* to *Morrow,* nor had *Seaman* any beneficial interest in the transaction; he was a mere agent of the association, and as such, simply used as a convenient medium through which this money might pass into their hands, and he at no time could have maintained an action in his own name against *Morrow* on that contract.

This suit, however, was not brought until after *Seaman* ceased to be such agent, and consequently after he ceased to be the medium through which the money might pass. So soon as he ceased to be treasurer, his authority to receive the money ceased, and if *Morrow* had paid it to him after that, the payment would not have been available.

The cases of *Piggott* v. *Thompson,* 3 Bos. & Pull. 147, *Harper* v. *Ragan,* 2 Blackf. 39, and *Gunn* v. *Cantine,* 10 Johns. R. 387, are directly in point, and satisfactorily settle the question raised in this case.

*Per Curiam.*—The judgment is reversed with costs.

*O. H. Smith,* for the plaintiff.

*J. Perry,* for the defendant.