JOHN PECK, JOHN H. PECK, CASSIUS P. PECK AND EDWARD W. PECK v. HARMON S. BARNUM, PRINCIPAL DEBTOR, AND WILLIAM EGGLESTON, BENAJAH BARKER, HENRY V. B. BARKER AND STORM R. HAIGHT, TRUSTEES.

[Decided July Special Term, 1852.]

*Trustee process as to partners. · Plea in abatement. Motion to dismiss.*

Members of a partnership, a part of whom reside in this State, and a part in another State, who form their partnership and carry on their partnership business in this State can be held chargeable as the trustees of one to whom they are indebted in this State.

That which goes to the whole merits of the action, cannot properly be pleaded in abatement, nor can it be tried on a motion to dismiss.

ACTION on book account, in which Storm R. Haight, Henry V. B. Barker, William Eggleston and Benajah Barker, as partners under the firm of Eggleston, Barker & Co. were summoned as trustees of the principal debtor. Judgment was rendered in the county court against the principal debtor, to which there were no exceptions.

Several questions arose at different times in the course of the trial, in relation to the liability of the trustees — the first was on a plea in abatement — the second was a motion to dismiss — the third upon facts set forth in the answer of the trustees, and the plaintiffs replication thereto.

The only question involved in each, was whether Eggleston and Benajah Barker, being resident citizens of the State of New York, at the time, and ever since the service of process upon them, could be held as the trustees of the principal debtor, notwithstanding he was at that time a resident citizen of this State, and the business in which the firm of Eggleston, Barker & Co. were engaged, was within this State, and the money due to the principal debtor from them was payable here.

Upon each of these questions, the county court decided that Eggleston and Benajah Barker were not liable as trustees, and rendered judgment for the trustees; to which the plaintiffs excepted.

*Asahel Peck* and *William W. Peck* for the plaintiffs.

The answers of the trustees should have been dismissed, so far as they related to the residence of the trustees, this should have been pleaded in abatement, that an issue might have been taken thereon.

Haight and H. V. B. Barker are within the terms and object of the Statute. Rev. Stat. Ch. 29, § 4 and 46.

They are *residents* ; and in case of a joint debt, and a non-residence of one or more of the joint debtors, the creditor may proceed against the resident debtor.

Then debtors may, when they have non-resident co-debtors, be charged as trustees. *Parker et al.* v. *Danforth & Tr.*, 16 Mass. 299. Stat. of Mass. of 1794, Vol. 2, p. 673. *Tingley* v. *Bateman & Tr.*, 10 Mass. 350. *Ray* v. *Underwood & Tr.*, 3 Pick. 302. *Hart* v. *Anthony & Tr.*, 15 Pick. 445. *Danforth* v. *Gray & Tr.*, 3 Met. 564. *Pettis* v. *Spaulding & Tr.*, 21 Vt. 66. *Kidder et al.* v. *Packem et al.*, 13 Mass. 80. *Hull* v. *Blake*, 13 Mass. 153. *Waller* v. *Allyn*, 22 Pick. 245. *Baylies* v. *Houghton et al. & Tr.*, 15 Vt. 626. *Chase, Grew & Co.* v. *Haughton et al., & Tr.*, 16 Vt. 594.

The non-resident debtors having been notified, may be considered as amenable on account of the *situs* of the debt, and the fact that their co-partners are residents, and summoned.

*Phelps & Chittenden* and *Smalley* for the trustees.

1. The decision upon Eggleston's and B. Barker's plea in abatement, was obviously correct. The statute exempts *any person* who resides without this state, without any reference to the place where the debt was contracted, and the joinder of those who are residents of the state with them, as trustees, does not take away the exemption.

2. The motion to dismiss the answer to the plaintiffs allegations was properly overruled. It was entirely unnecessary, if not improper, to plead the facts set forth in the answer in abatement, because they show the fund in the trustees hands not attachable. Any fact of this character may with propriety be stated in the answer.

The plaintiffs proposition would not only deprive both parties of the trustees statement on oath as to such facts, but result in the

absurdity of permitting a fund to be attached, which is legally exempt.

3. The county court was right in discharging the trustees upon the facts stated in the answer and replication. It is an invariable rule, that to reach a debt due from a firm, the whole firm must be summoned in their partnership capacity — *Pettis* v. *Spaulding & Tr.*, 21 Vt. 66,— and one of two joint debtors, cannot be held without the other, for the joint debt, — *Rix* v. *Elliott*, 1 N. Hamp. 184. *Hudson* v. *Hunt*, 6 N. H. 538. 6 Mass. 60,—and rests upon the same principle as a suit between creditor and debtor, and applies with much greater force where a part of the firm are not only not summoned, but are expressly exempted by law, and this exemption is not merely personal. It is an exemption of the fund.

This is founded on the obvious reason, that as the statute can have no force without the State, the foreign trustee may be sued or summoned there at the same time he is compelled to pay it here under this process.

It necessarily results, therefore, that as the whole debt is due from all, and as the exemption is of the fund, in the hands of the foreign trustee, the whole fund is exempt.

*Parker* v. *Danforth & Tr.*, 16 Mass 299, relied on by the plaintiffs proceeds upon entirely different grounds. No provision exempting non-residents, exists in the Massachusetts trustee act.

The opinion of the court was delivered by

ISHAM, J. The questions in this case, arise on three bills of exceptions, which have been allowed during the progress of the trial of the case. The first is on a plea in abatement; the second on a motion to dismiss, and the third upon facts set forth in the seventh answer of the trustees, to the allegations of the plaintiffs, and the replication thereto.

The action is on book against Barnum, as principal debtor, and William Eggleston, Benajah Barker, H. V. B. Barker and Storm R. Haight, of the firm of Eggleston, Barker & Co., as trustees; judgment having been rendered against the principal debtor, no question arises on that part of the case; neither does any question arise on the present investigation, as to any actual indebtedness between the trustees and the principal debtor. For if such indebtedness exist, it is insisted that the trustees are not chargeable in

this action. That as Eggleston and Benajah Barker were residents of the State of New York, at the commencement of the suit, the act creates an exemption of their persons, as well as of the debt, from the operation of this process. The case admits they were residents of that State, and that the other members of the firm were residents of Burlington, in this State, at which place the debts respectively accrued, the partnership was formed, and the business of the firm transacted ; so that the general question arises, whether the members of a partnership, part of whom reside in this State, and part in another, can under such circumstances, be held chargeable as Trustees of one to whom they are indebted within this State.

The Compiled Statutes p. 256, gives to creditors the benefit of this process, by which the estate of the principal debtor, both real and personal, can be attached, as well as debts and claims due to him from others ; and this property, so attached, can be held by the creditor for the payment of such judgment as shall be obtained against the principal debtor. This statute is remedial in its character, and should be so liberally construed that full effect may be given to the intention of the Legislature in its passage. It should be borne in mind also, that this act was passed cotemporaneously with the act abolishing imprisonment for debt. Thus while relieving the person of debtors from arrest and imprisonment on matters arising *ex contractu,* the Legislature intended to extend the remedy of the creditor, by creating a lien, under this process, upon the real and personal estate of the debtor, as well as debts and claims due to him.

It is, therefore, a matter of justice as well as propriety, that such construction be given the act, that all the effects of such debtor be held for that purpose, unless expressly exempted by its provisions. It can in no way injuriously affect the trustees, for every matter of defense, or subject of consideration, is available under this prosecution, which would be available if the matter was prosecuted by their immediate creditor. All they are required to do, is to discharge to the creditor in this suit, that obligation, they are bound to perform to the principal debtor. Under this general view of the act, it becomes the duty of the court to protect whatever lien may have been obtained by the plaintiffs under this process, unless it is in contravention of some positive rule of law.

The 6th section provides, " That no person shall be summoned " as trustee, unless at the time of the service of the writ, he resides " in this State." Under this provision, it is claimed these trustees are not chargeable, as two of the firm were residing in the State of New York, at the time of the service of the writ, and being specially excepted from the act, all the members of the firm are likewise excepted, as none are liable to be prosecuted on this joint claim, only when all the partners are, or can be made legal parties to the record. In making this exception from the general provision of the act, it is manifest the Legislature had in view but one class of cases, and that was the case where the trustee with the rights and credits in his hands was not within the jurisdiction of this State at the service of the writ, but was a resident of another State, and subject to its laws and jurisdiction. In this respect, that provision of the act is declaratory of the common law. It was accordingly held by SEWALL, J., in *Tingley* v. *Bateman and Trustee*, 10 Mass. Rep. 350, that the trustee process, is like a process *in rem*, in which a *chase* in action is attached for the debt of the principal. That these species of effects are, for this purpose considered local, as remaining at the residence of the debtor, or person entrusted for the principal, and are not to be considered as following the person of the debtor ; and that a resident of another State, is not in legal contemplation, within the process of this court, to be summoned as trustee, any more than the goods or effects of a debtor are liable to be taken by attachment while remaining deposited within the bounds of a neighboring State. The same doctrine is found in 6, N. Hamp. Rep. 497. 15 Pick. Rep. 445, and 3 Met. Rep. 564. This is also the rule in England, under the process of foreign attachment, as existing under the custom of London. 2 Chitty. Rep. 438. 3 Doug. Rep. 281.

It is to cases of that character, therefore, where all the parties reside in another State, that the application of that section of the act should be confined. It is obvious, therefore, that it can have no application to the case under consideration, where some of the trustees reside in this State, where the partnership was formed and had its place of business ; and as it does not appear that the debt was contracted or payable abroad, it is to be inferred that it was contracted and payable here. Under such facts, the reasoning of Judge SEWALL will have the effect to charge the trustees, for if

in legal contemplation, such effects are considered local for this purpose, and as remaining at the residence of the debtor, or person entrusted for the principal, then it must be considered that these effects are remaining where the partnership was formed, their business transacted, and where two of their number resided. There can be no propriety in considering them as following the persons of the absent members of the firm.

Under those circumstances, such effects are as liable to be reached by this process, as are the goods of any debtor deposited within the bounds of this State. There is nothing, therefore, in this provision of the statute that prevents the prosecution of this suit. And if any difficulty exists, it must be in the application of other principles, rendering its prosecution inconsistent with the general policy of the law, and attended with insecurity to the individuals summoned as trustees.

That there are difficulties of a general character, and some arising possibly from the want of more specific legislation applicable to cases of this kind, is not to be disputed, and which have been urged upon our consideration in the argument of the case. Among these it is said, that the statute can have no effect without the State ; that the absent members of the firm may be sued in that State, for the same matters, and that a judgment in this suit against the resident members in this State, will be no bar to proceedings in another State, where the absent members reside. It would be difficult to resist the force of this objection, if the *situs* or place of business of the company was in that State, and its affairs were conducted there, by resident members of the company. In such case, the effects of the firm might with more propriety be considered as subject to the laws and jurisdiction of the State where its business was transacted. But where, as in the case under consideration, the company was formed in this State, and its affairs conducted here by resident members, its effects are local, and remain with the members of the firm, at their place of business, subject to the laws of this State, and the jurisdiction of its courts, and their adjudications are conclusive upon other tribunals, more particularly where the prosecution partakes of the character of a proceeding *in rem.* The conclusiveness of an adjudication under such circumstances, in binding the effects of the firm, rests not merely upon principles of comity, but upon the higher principles

of sovereignty and exclusive jurisdiction.    On this subject Justice Story remarks, Conflict of Laws 463, " A nation within whose " territory personal property is *actually situate*, has an entire " dominion over it while there, in point of sovereignty and jurisdic- " tion as it has over immovable property, it may regulate its trans- " fer, subject it to process and execution, and provide for and con- " trol the uses and disposition of it, to the same extent that it may " exert its . authority over immovable property."    And on page 495–6, speaking of the conclusiveness of judgments upon personal property, within the jurisdiction of the court pronouncing the judgment, and when the suit is in the nature of a proceeding *in rem*, he remarks, " That the judgment pronounced is of universal " obligation as to all matters of right and title, which it professes to " decide in relation thereto.    Whatever disposition it makes of the " property by sale, transfer, or other act, will be held valid in every " other country, where the same question comes directly or indi- " rectly in judgment before any other foreign tribunal — *and that* " *proceedings by way of foreign attachment against personal prop-* " *erty, or against debts in favor of creditors are entitled to the same* " *consideration.*"    The case of *Parker* v. *Danforth*, 16 Mass. Rep. 299, not only fully establishes this doctrine, but it was also held, that a process of this character binds the effects of a company, where their place of business was in another State, and the business was prosecuted there by some of its resident members.    Whether the doctrine, to that extent, would be recognized in this State, we are not called upon to decide, but it is a very decided authority in its application to the case under consideration.    In this case, there- fore, we can entertain no doubt, that a judgment satisfied by resi- dent trustees will afford all, who are jointly responsible with them, protection against any further claim, at the suit of other creditors.

The difficulties arising from the fact that any agreement may have been entered into, and liabilities incurred by the absent mem- bers of the firm, and of which those resident in this State may be ignorant, and that the actual state of the claim in relation to which the suit was commenced, may not be known before judgment,— can be avoided in the exercise of the power of the court, in de- laying the rendition of judgment for such time as will enable the trustees who are parties, not only to ascertain the true condition of the claim, but the nature and extent of such liabilities as may

have been contracted, as well as such other matters which may exist, or which can in any way be available as between them and their creditor.   And by permitting them to make such further disclosures as the facts in the case may require.   This view is taken of the subject by PARKER, Ch. J., in *Parker* v. *Danforth*, and in practice can lead to no serious inconvenience.'

It is further urged by the trustees, that this suit cannot be sustained, as the debt due from the trustees is joint, and that they are liable to be prosecuted in this form of action, only when all the debtors can be, and are, made parties to the suit; and that no provision is made in the statute by which proceedings can be had only where the whole firm is summoned in their partnership capacity.   It was held in the cases of *Rix* v. *Elliott*, 1 N. H. Rep. 184, and *Hudson* v. *Hunt*, 6 N. H. Rep. 538, and 6 Mass. Rep. 60, that one joint debtor could not be held as trustee, without joining the others.   And this is unquestionably correct, in all cases, as it was in those, where all the debtors lived within the State, and the process might have been served upon all.   This is the rule at common law, in all cases where a joint claim is enforced by legal process.

The Compiled Statutes, p. 227, Sec. *60, 62*, provides that on joint contracts, where one or more reside out of the State, an action may be sustained thereon, against those residing in this State, and that a judgment in such suit, remaining unsatisfied, shall not discharge those who are resident abroad.   All such actions may be commenced by attachment or summons; 'p. 242, Sec. 1; and when commenced by summons, service of the process can be made under the provisions of the same act, p. 244, Sec. 16, by delivering to the resident debtors, or leaving at the house of their usual abode, an attested copy.   Under these several provisions, Barnum, the principal debtor in this suit, could have commenced his action by summons, against the firm of Eggleston, Barker & Co., and caused service to be made on those members of the firm who were resident in this State, and proceeded to judgment and execution against the partnership effects.   The trustee act in this respect, subrogates the plaintiffs in this suit, to the rights of Barnum, the principal debtor, against the firm of Eggleston, Barker & Co. This was the evident intention of the Legislature in giving to creditors the benefit of this process, and in giving the right, they

gave those incidents necessary to obtain and enjoy that right. Thus the trustee act, p. 257, Sec. 10, provides that this process shall be served on the principal debtor, " and shall be further " served on each of the trustees, *in the manner prescribed for the* " *service of the writ of summons.*"   As the writ of summons at the suit of Barnum could be served on the members of the firm resident in this State, and thereon could proceed to judgment and execution against the partnership effects, so the same mode of service is allowed in this case, to bind the firm to the extent of their indebtedness to Barnum, the principal debtor.

In the case of an individual or joint debtors, where all have their residence in another State, they cannot be summoned as trustees, not only on the ground that they are subject to another jurisdiction, but our statute has made no provisions for the service of process in such case; the 16th Sec. of the act, p. 244, applying only to cases where their residence is in this State.   But provision is made in case of joint debtors, where some of them reside and are within the jurisdiction of this State and its courts.   We think, therefore, that a suit of this character can be sustained against the members of a firm, part of whom reside in another State, where the company was organized in this State, and where its business is transacted here by resident members.

In the application of these principles to the various exceptions which have been allowed in this case, our attention is to be directed in the first place, to the exceptions allowed on the pleas in abatement.   These pleas were respectively filed by William Eggleston and Benajah Barker, two of the firm of Eggleston, Barker & Co. They have severally plead that at the time of the service of the writ, they were not residents of this State, but had their residence in the State of New York.   Virtually, therefore, it is a plea to the jurisdiction of the court, and on which the suit, as to them, was abated.   Independent of the question which the parties desired to present to the court in that form, a difficulty arises from the fact that the subject matter of the plea is not adapted to a plea on abatement.   Its tendency is not to defeat the present proceeding merely, but to show that no action of this character can be sustained.   In the case of *Jones* v. *Winchester*, 6 N. H. Rep. 498, a similar plea was filed by the trustee; and the court holding it a plea to the jurisdiction, use this language in their decision,—

"That the plea is clearly bad.  A plea to the jurisdiction of the "court in a transitory action is proper, where some court in the "State has jurisdiction, but not the court in which the action is "brought.  But in this case the action is brought in the proper "court, if any court in the State has jurisdiction."  The same doctrine has been held in the courts of Massachusetts, and for the same reason — 3 Mass. Rep. 24.  5 Mass. Rep. 362.

The judgment of the court in sustaining this plea in abatement, must be reversed.

The 2d bill of exceptions is founded on a motion to dismiss the 7th answer to the plaintiffs' allegations and the judgment of the court in overruling the same.

This answer was filed on the part of those trustees who were resident members of the firm in this State, and they insist that they cannot be held chargeable as trustees in this suit, inasmuch as other members of the firm resided out of the State, and had been discharged.

It is urged that this answer should have been dismissed because the facts were not plead in abatement, nor set forth in their disclosures.  But for the reasons which have been stated, the matter was not a cause of abatement, and could not have been so *plead*, neither was it necessary that they should have set it forth in their disclosures ; for the legitimate object of a disclosure is to set forth the facts upon which the question of indebtedness arises.  If there are other facts upon which the trustees claim to be discharged, they may make such allegations, independent of their disclosures, and upon which testimony may be taken by the parties, and the case submitted to the court and jury.  But the legal effect of facts so alledged, can never be tried on a motion to dismiss.  For if such motions were entertained, it would be in the power of the party making such motion, to take every such case with its testimony from the consideration of the jury.  The view entertained of this subject, in short, is this — that the defense, if available, goes to the whole merits of the suit, and should be presented either upon the disclosure or such allegations and pleadings as go to the action, and upon which issues can be properly formed, testimony taken, and trial had by the court or jury.  The motion to dismiss was therefore properly overruled, as the defense which the trustees desire to make, does not constitute a proper foundation for such a motion.

The merits of the whole case, therefore, rest upon the 3d bill of exceptions, which stands upon a demurrer to the replication to the 7th answer of the trustees, and on which the court adjudged the replication insufficient, and discharged the remaining trustees from the suit. On these exceptions the general question in the case arises, and which we have endeavored properly to consider, and from the investigation which has been given to the case, we feel that the general policy of the law in relation to the liabilities of trustees, and the rights of creditors in seeking payment of their claims, under this process, demand the construction of the act which has been placed upon it. That the creditors in this suit have a right to proceed against the resident members of this firm, and charge the effects of the company to the extent of their indebtedness to the principal debtor. And also to proceed against the foreign residents of the firm, if they see fit to waive their territorial right of exemption by entering an appearance.

The result, therefore, is that the judgment of the court discharging the trustees, must be reversed, and that they must answer by making disclosure.