Nov. Term,
1852.

UPTON
v.
STARR.

*J. Rariden* and *S. W. Parker*, for the plaintiff.

*J. S. Newman*, for the defendant.

---

## UPTON *v.* STARR.

A county agent is not a *quasi* corporation.

A note was executed to *G.*, agent of *Wells* county, or his successor in office, &c. *Held*, that *G.'s* successor could not sue, in his own name, upon the note.

To a suit brought upon a promissory note given to a county agent, the defendant set up in bar of payment that it was given for a part of the purchase-money of a county-seat lot; that the agent sold the lot to the defendant for 100 dollars, of which sum he paid, at the time, 40 dollars, and executed his notes, that in suit being one, for the remaining 60 dollars; that said agent kept the 40 dollars, reported the sale to the county commissioners as having been made at 60 dollars, which report was accepted; and that the defendant had already paid with the said 40 dollars the amount of 60 dollars, at which sum the lot was reported as having been sold. *Held*, that these facts were no defense against the note.

Saturday,
November 27.

ERROR to the *Wells* Circuit Court.

PERKINS, J.—*Wentz*, (who has since been succeeded in office by *Starr*,) as successor in office to *James R. Greer*, commenced suit before a justice of the peace upon the following note:

" *Bluffton, July* 3d, 1839. Twelve months after date I promise to pay to *James R. Greer*, agent for *Wells* county, or his successor in office, or their order, the sum of 30 dollars for value received. *Samuel G. Upton*, [seal]."

On appeal to the Circuit Court, *Wentz* obtained judgment.

The note was given for a part of the purchase-money of a county-seat lot owned by the county, and sold by her agent, *Greer*, to *Upton*.

Unless we can regard the county agent *quasi* a corporation, a successor in that office to *Greer*, the payee of the note, cannot sue on it. We think we cannot so regard him. We discover nothing in the statute that will authorize it; and section 17, R. S. p. 351, expressly enacts that, on the appointment of a successor to a county agent removed, should such removed agent fail to deliver to his successor moneys, notes, &c., in his hands, the county commissioners shall sue him on his bond in their corporate name, &c. See the cases of *Harper* v. *Ragan*, 2 Blackf. 39; *Johnson* v. *Harris*, 3 id. 387; *Morrow* v. *Seaman*, id. 338; *Ingersoll* v. *Cooper*, 5 id. 426; *Crawford* v. *Dean*, 6 id. 181.

*Upton* sets up in bar of payment of this note that it was given for a part of the purchase-money of a county-seat lot; that said *Greer*, as county agent, sold said lot to him, *Upton*, for 100 dollars, of which sum he paid, at the time, 40 dollars, executing his notes, that in suit being one, for the remaining 60 dollars; that *Greer* kept the 40 dollars, reported the sale to the county commissioners as having been made at 60 dollars, which report was accepted by said commissioners; and that he, *Upton*, has already paid, with the 40 dollars kept by *Greer*, the amount of 60 dollars, the sum at which the lot was reported as having been sold.

We think these facts constitute no bar. We think *Upton* is bound to pay the note in suit, and that *Greer* is bound to account to the county for the whole of the 100 dollars.

Nov. Term,
1852.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*J. Morrison* and *S. Major*, for the plaintiff.

*J. P. Greer*, for the defendant.