Nave *et al. v.* Hadley *et al.*

———•••———

## No. 7714.

## NAVE ET AL. *v.* HADLEY ET AL.

PLEADING.—*Demurrer for want of Capacity to Sue.*—A demurrer assigning the statutory cause of want of legal capacity to sue is proper only in cases where there is some legal disability, such as infancy, idiocy or coverture.

SAME.—*Demurrer for want of Sufficient Facts.*—Where a complaint by several plaintiffs fails to show a cause of action in all, a demurrer will lie upon the ground that it does not state facts sufficient to constitute a cause of action.

PRINCIPAL AND AGENT.—*Undisclosed Principal.*—*Promissory Note.*—An undisclosed principal may sue upon a promissory note payable to the agent, subject to all equities growing out of the transaction.

SAME.—*Note Payable to Cashier.*—The word "cash.," affixed to the name of the payee, indicates that the note is payable to the bank, and the bank. may sue thereon as payee, the agent being a party to the action.

From the Hendricks Circuit Court.

*C. C. Nave,* for appellants.

*E. G. Hogate* and *R. B. Blake,* for appellees.

ELLIOTT, J.—This appeal brings before us the question of the sufficiency of the complaint of appellees against the

.appellants. It is therein alleged that appellants executed a promissory note, in which the payee is described as "N. T. Hadley, Cash." ; "that the appellees were partners, doing business under the firm name of The Danville Banking Company ; that said N. T. Hadley, to whom said note is pay-.able, is the cashier of the said banking company, and was the cashier at the time the said note was executed, and is a member of said firm, and now sues in the name of Nicholas 'T. Hadley, together with his co-plaintiffs ; that said note is now, and always has been, the property of the said Danville Banking Company."

One of the causes assigned by appellants' demurrer is, that the plaintiffs did not have legal capacity to sue. It is well settled that the second statutory ground of demurrer .applies only to cases where the plaintiff is under some legal disability such as infancy, idiocy, coverture or the like. *De-bolt* v. *Carter*, 31 Ind. 355 ; *Dale* v. *Thomas*, 67 Ind 570. The argument appellants build upon this cause must fall, because it is utterly foundationless.

Another of the causes assigned by appellants' demurrer is that the complaint does not state facts sufficient to constitute a cause of action, and this presents the real question in the case. Appellants are correct in saying that, where a complaint by several plaintiffs fails to show a cause of action in all, it will be held bad on a demurrer assigning the fifth statutory cause. *Lipperd* v. *Edwards*, 39 Ind. 165 ; *Neal* v. *The State, ex rel.*, 49 Ind. 51. The question, whether this complaint does show a cause of action in all of the appellees, is therefore properly presented.

The complaint shows very clearly that N. T. Hadley, the payee in the note sued on, was the agent and partner of his co-plaintiffs, and that the note was executed to and received by him, as such agent and partner.

There is some conflict in the cases as to whether a principal may sue upon a promissory note, payable to the agent,

which does not indicate or disclose the principal. The weight of authority is, however, pretty decidedly in favor of the doctrine, that the action may be maintained by the principal. *Rutland, etc., R. R. Co.* v. *Cole*, 24 Vt. 33; *Binney* v. *Plumley*, 5 Vt. 500; *Johnson* v. *Catlin*, 27 Vt. 87; *Fairfield* v. *Adams*, 16 Pick. 381; *The National Life Insurance Co.* v. *Allen*, 116 Mass. 398.

The descriptive word "Cash.," affixed to Hadley's name, indicates that he was acting in a representative capacity, and that it was in such capacity that the note was made payable to him. It is well settled that a note payable to the cashier of a bank is to be deemed payable to the bank, and that the bank may sue thereon as payee. *Baldwin* v. *The Bank, etc.*, 1 Wal. 234; *Garton* v. *The Union Bank*, 34 Mich. 279; *The First National Bank, etc.*, v. *Hall*, 44 N. Y. 395; *Pratt* v. *The Topeka Bank*, 12 Kan. 570; *Fisher* v. *Ellis*, 3 Pick. 322. This is the doctrine of the case of *The Bank, etc.*, v. *Wheeler*, 21 Ind. 90. In that case the endorsement was to "H. Early, Cashier," and by him under the same form to the plaintiff in that action, and the endorsement was held to be that of the bank. *Hays* v. *Crutcher*, 54 Ind. 260.

It has long been the doctrine of this court, that a principal may sue upon a contract made with the agent, although the principal was not named in the contract. In discussing this question in *Morrow* v. *Seaman*, 3 Blackf. 338, the court said: "The only true rule by which it can in all cases be determined who should be the plaintiff, in actions founded upon contracts, is, to ascertain with whom the contract has been made, or in other words, who has the legal interest in the contract; for he alone can complain that it has been broken and can enforce its performance."

Where the principal is not disclosed, the right to sue is hampered; for, if the party has acted upon the faith that the agent was the real party in interest, and was acting in his own behalf, then the principal receives his right of action,

subject to all equities growing out of the transaction which may exist against the agent. Our decision in this case is not, however, affected by this consideration, for no equities are asserted to have existed against the agent.

It is true, as suggested by counsel, that where a note is payable to the agent of an undisclosed principal, he should in some way be brought into court, in order that the maker of the note may be fully protected against any real or pretended claim of such agent. We need not decide whether this rule should apply where the descriptive word "cashier" is added to the name of the payee, for the agent is here a party to the action. The agent joins in the action, and the judgment forever concludes him from asserting any interest different from that stated in the complaint. There can be no possibility of any successful assertion by Hadley of an interest in the note, different from that described in the complaint, and ascertained and fixed by the judgment. All who had an interest in the note were properly in court, and it was, therefore, in its power to render a judgment which should protect the interests of all, and finally determine all controversies respecting the promissory note which constituted the cause of action.

The complaint shows a complete cause of action in all of the appellees, and shows also that all proper parties were in court, and the demurrer was therefore properly overruled.

Judgment affirmed, with costs.