DAVENPORT *v.* McCOLE and Others.

VOLUNTARY ASSIGNMENT.—A and B made a general assignment to C, in trust for the benefit of their creditors.   Preferences were made among the creditors as follows: the first class to be paid in full; the second, if the assets were sufficient; and the third, if any assets remained, after paying the first and second classes.   Suit by A and B and certain creditors of

the second and third classes against C, the complaint alleging waste of assets, &c., without averring that the assets were sufficint to pay the first class in full.

*Held,* that the complaint showed no cause of action as to the creditor plaintiffs, and hence was bad on demurrer.

APPEAL from the *Hamilton* Circuit Court.

FRAZER, C. J.—The *McColes* and three of their creditors sued *Davenport.* The complaint shows that the *McColes,* a mercantile firm, in *September,* 1857, made a general assignment to *Davenport* for the benefit of their creditors, and that *Davenport* accepted the trust and took possession of the effects. Preferences were made among the creditors, making three classes: the first to be paid in full; then the second, if the assets were sufficient; and then the third, if any assets remained, after paying the first and second classes. One of the plaintiffs was a creditor of the third class, and the others were creditors of the second class. There was no averment that the assets were sufficient to pay the first class in full. It was alleged that *Davenport* had wasted the assets, applied them to his own use, and had failed to use them according to the directions of the deed of assignment, and that in making a final report of his proceedings to the Court of Common Pleas, upon resigning his trust, he failed to account for a large part of the assigned property.

A demurrer to the complaint, for want of sufficient facts, was overruled; and this is the first error assigned.

It seems to us that the complaint showed no right of action whatever in the three creditors of the *McColes,* who were joined as plaintiffs. Unless the assets were more than sufficient to pay the creditors of the first class, those of the second and third classes were entitled to no relief. In such a case we have held, after the fullest consideration, that a demurrer for want of sufficient facts should be sustained. *Berkshire* v. *Shultz,* 25 Ind. 523.

Though there are some other errors in the record, so glaring that it seems to us they might well have been avoided, we do not deem it our duty to notice them, inasmuch as all

proceedings subsequent to the filing of the demurrer must be set aside at any rate.

We cannot forbear remarking, that this record is so greatly incumbered by unnecessary matter, that the court below will neglect a very obvious duty, if it does not strike out a good many scores of pages. The practice is becoming too common of putting into the pleadings copies of all writings intended to be offered in evidence. The remedy lies with the lower courts.

The judgment is reversed, with costs, and the cause remanded, with directions to sustain the demurrer to the complaint.

*J. & W. O'Brien,* for appellant.