NEAL ET AL. *v.* THE STATE, EX REL. THE BOARD OF COMMISSIONERS OF BROWN COUNTY ET AL.

PARTIES.—*Relator.*—The relator, where one is required, in an action on official bonds, must be the proper one, and he is the real party, while the State is a nominal party.

.SAME.—*Board of County Commissioners.—Auditor of County.—Treasurer.— Official Bond.—Action On.—Pleading.—Demurrer.*—The auditor, and not the board of commissioners of a county, is the proper relator in an action on the official bond of the county treasurer for a failure to pay over funds belonging to the county in his hands as treasurer to his successor and for his conversion thereof to his own use, and a complaint in such action, on the relation of both the auditor and the board, as it does not state a cause of action in favor of all the parties who sue, is bad on demurrer for want of sufficient facts.

From the Brown Circuit Court.

*F. T. Hord,* for appellants.

*W. R. Harrison* and *W. S. Shirley,* for appellees.

WORDEN, J.—This was an action by the State, upon the relation of the board of commissioners and the auditor of Brown county, against the appellants herein, upon the bond of William H. Taggart, as treasurer of said county.

Taggart had been removed from his office as treasurer by the board of commissioners, and the action was brought for his failure to pay over to the person appointed as his successor the funds in his hands as such treasurer belonging to the county, and for his conversion of the same to his own use. Judgment for the plaintiff.

It is assigned for error, that the complaint does not state facts sufficient to constitute a cause of action.

The question which first meets us is, whether the action can be maintained upon the relation both of the board of commissioners and the auditor of the county. The auditor of the county is the proper relator in such case. *Snyder* v. *The State, etc.,* 21 Ind. 77; *Pepper* v. *The State,* 22 Ind. 399; *Taggart* v. *The State, ex rel. Washington Township, ante,* p. 47.

It is well settled, that a complaint must state a good cause of action in favor of all the parties who sue; otherwise the

defendants may demur for the want of a statement of sufficient facts to constitute a cause of action. *Berkshire* v. *Shultz*, 25 Ind. 523 ; *Davenport* v. *McCole*, 28 Ind. 495 ; *Goodnight* v. *Goar*, 30 Ind. 418 ; *Debolt* v. *Carter*, 31 Ind. 355, 363 ; *Fatman* v. *Leet*, 41 Ind. 133.

If a demurrer would have been sustained for the want of a statement of sufficient facts to constitute a cause of action, it follows, that under the statute of 1855 (2 G. & H. 81, sec. 54), the want of such facts may be assigned for error, inasmuch as the objection is not waived by failing to demur.

The cases in this court on official bonds show that where a relator is required, he is to be regarded as the real party, while the State is but a nominal party. All the cases show, that actions upon official bonds, where a relator is required, must be brought upon the relation of the proper party ; otherwise they cannot be maintained. An action can no more be maintained on an official bond, upon the relation of a proper party and an improper party, than can any other action where parties improperly unite as plaintiffs, in favor of some of whom no cause of action is shown to exist.

The objection that the facts stated are not sufficient to constitute a cause of action, upon the relation of the auditor and the board of commissioners, is fatal, and the judgment will have to be reversed. This view renders it unnecessary to examine any other question in the case.

There are some other interesting questions discussed, but it will be time to decide them when they arise in a case between proper parties only.

The judgment below is reversed, with costs, and the cause remanded for further proceedings.