## PARKER ET AL. *v.* SMALL ET AL.

REAL ESTATE, ACTION TO REDEEM.—*Parties.—Sheriff's Sale on Foreclosure.*—The grantor of the equity of redemption of real estate is not a proper coplaintiff with his 'grantee, in an action by the latter to redeem such real estate from a sheriff's sale of the same on a decree of foreclosure.

PLEADING.—*Complaint by Joint Plaintiffs.*—A complaint by several coplaintiffs must, to be sufficient on demurrer, show a joint cause of action in favor of all the plaintiffs.

SAME.—*Practice.—Statute Construed.—Failure of Evidence.*—The recovery in favor of a part only of several coplaintiffs, in an action in relation to real estate, contemplated by section 600 of the practice act, 2 R. S. 1876, p. 252, can be had only where the allegations of the complaint show a good cause of action in favor of all the coplaintiffs, but the evidence on the trial establishes such alleged cause in favor of part only of the coplaintiffs.

From the Decatur Circuit Court.

*B. W. Wilson, C. Ewing* and *J. K. Ewing,* for appellants.

*S. A. Bonner* and *J. L. Bracken,* for appellees.

HOWK, J.—Suit by John C. Parker, George P. Bissell and The Fort Wayne and Southern Railroad Company,

against James S. Goddard and Edward Small, to redeem certain lands.

The complaint states the following facts:

On the 20th day of December, 1846, Simon Sharp was the owner of the land in question, describing it. "On that day Sharp executed a mortgage to John C. Conwell to secure $220. On the 1st day of December, 1853, Sharp and wife sold and conveyed the land, which was unoccupied and unimproved, to the Fort Wayne and Southern Railroad Company, with covenants of warranty. On the 13th day of June, 1854, the Railroad Company executed a mortgage on said lands, with others, to John D. Defrees, in trust, to pay and secure the payment of certain bonds of said company. Bissell and Parker were non-residents of the county, and the Railroad Company had no office or place of business in the county. Conwell was one of the appraisers of the lands at the time the mortgage was made to Defrees; and, accompanying the schedule of the lands, there was a certificate of the clerk and recorder of Decatur county, where the lands in controversy lay, that it was free and clear of all incumbrances. The plaintiffs, being non-residents of the county, relied upon the schedule and certificate, and believed the title of the lands in the Railroad Company was unincumbered. They had no actual knowledge of Conwell's mortgage, upon which, at the time, there was but $55 due. Conwell died, and James McCammon was appointed his administrator. Afterward, in 1858, "Simon Sharp combined and confederated with said McCammon and others to reclaim said lands from said Railroad Company and said Defrees." McCammon, as such administrator, brought suit on the Conwell mortgage against Sharp, and, at the April term, 1858, of the Court of Common Pleas of Decatur county, recovered judgment for $55, with costs, and of foreclosure. Neither of the plaintiffs in this suit was made a party to that action, nor had either of them notice of the suit.

Sharp "procured his brother-in-law, Columbus C. Trimble, to attend the sheriff's sale upon the decree rendered in said action, who bid a large sum for the same, to wit, $1,200; and said Trimble executed a note to said McCammon for the sum found due to his decedent, to wit, $55, and Sharp receipted to his brother-in-law, Trimble, for the balance, when in fact no money passed by said sale, but the same was a sham sale, gotten up to divest said company of said lands." Goddard and Small claim under Trimble, and have no other title; and Trimble had no title except what he derived under said decree. Sharp's deed to the Railroad Company was duly recorded, before the suit to foreclose Conwell's mortgage was commenced; so, also, was the mortgage by the Railroad Company to Defrees, of which McCammon, Sharp and Trimble had notice. On the 10th day of May, 1860, the Railroad Company, according to certain stipulations in its mortgage to Defrees, conveyed the lands in controversy, with others, to Bissell, in payment of certain bonds which Bissell held against the company. In 1863, Bissell sold and conveyed the land to Parker at the time it was openly claimed by Trimble, under the sheriff's deed. The plaintiffs had no knowledge of the foreclosure, and were misled by the schedule of lands and the certificate that they were free and unincumbered. The conveyances from the Railroad Company to Bissell, and from Bissell to Parker, were made after the sheriff's deed to Trimble was recorded. Prayer, that, if Conwell and those claiming under him are not estopped, then for an account to be taken, to be allowed to pay the money into court and redeem, and for general relief.

To this complaint, after certain motions to strike out had been made, a demurrer was filed, assigning for reasons:

"1. Because said complaint does not state facts sufficient

to constitute a good cause of action against said defendants, or either of them.

"2. That there is a defect of parties plaintiffs.

"3. That there is a defect of parties plaintiffs, in this, that the complaint shows there is no joint interest on the part of the plaintiffs."

This demurrer was sustained by the court below, and to this decision the appellants excepted; and, failing to plead further, judgment was rendered on the demurrer against them, and in favor of the appellees, for the costs of suit.

In this court the appellants have assigned, as error, the decision of the court below in sustaining the demurrer to their complaint.

It seems very clear to us, that no error was committed by the court below in sustaining appellees' demurrer to appellants' complaint, for the reason that the complaint failed to show any cause of action whatever, in favor either of said George P. Bissell or The Fort Wayne and Southern Railroad Company, two of the plaintiffs in this action. Not only so, but it appeared affirmatively on the face of the complaint, by the averments thereof, that, long before the commencement of this suit, both Bissell and said Railroad Company had conveyed away their respective interests in the subject-matter of this action. The law is well settled, by numerous decisions of this court, that a complaint must state a good cause of action in favor of all the parties plaintiffs therein, else a demurrer thereto by the defendants, upon the ground that it does not state facts sufficient to constitute a cause of action, must be sustained. *Lipperd* v. *Edwards*, 39 Ind. 165; *Griffin* v. *Kemp*, 46 Ind. 172; and *Neal* v. *The State, ex rel.*, etc., 49 Ind. 51, and the authorities there cited.

Appellants' learned attorneys, as we understand them, do not controvert the law, as laid down in the authorities cited; but they claim, that this law is not applicable to the case stated in appellants' complaint. In other words,

they insist that the case made in said complaint comes fairly within the purview of, and must be governed by, section 600 of the practice act. This section reads as follows:

"SEC. 600. Where there are two or more plaintiffs or defendants, any one or more of the plaintiff may recover against one or more of the defendants, the premises or any part thereof, or any interest therein, or damages according to the right of the parties; but the recovery shall not be for a greater interest than that claimed." 2 R. S. 1876, p. 252.

It seems to us, that this section has no bearing whatever upon the question presented by the record of this cause, which is purely and simply a question of pleading. If the complaint in this case had, by proper averments, shown a good cause of action in favor of *all* the parties plaintiffs, and if, on a subsequent trial of the case, the evidence had shown a cause of action in favor of one only of the plaintiffs, then, under our code of practice, that one only of the plaintiffs might have recovered, "according to the right of the parties." It is manifest, we think, from the language used in the section cited, and from its position in the code, that it is directly and expressly applicable to actions for the recovery of real estate, or of some interest therein. Whether or not the provisions of said section have any applicability to such an action as the one now before us, brought by an owner of land to redeem the same from a prior incumbrance, is a question we need not decide. For we are very certain that those provisions relate only to the recovery or judgment which may be had in such cases, and not to any questions of pleading.

The judgment is affirmed, at the costs of the appellants.