Harris *et al. v.* Harris *et al.*

---

## HARRIS ET AL. *v.* HARRIS ET AL.

WILL.—*Contesting Validity of.—Venue.—Jurisdiction.*—An action to contest the validity, and resist or set aside the probate, of a will must be brought in the circuit court of the county whereof the testator was an inhabitant immediately previous to his death, or, if he was not an inhabitant of this State, in the county in which he left assets, or into which his assets might have come.

SAME.—*Waiver.—Assignment of Error.—Practice.—Pleading.*—The jurisdiction of the court over the subject-matter, and the sufficiency of the complaint, in such action, are not waived by a failure to demur or answer, but may be questioned by a motion in arrest, or an assignment of error on appeal to the Supreme Court.

SAME.—*Pleading.—Motion in Arrest.*—An allegation in the complaint in such action, that the decedent, "who was a resident of" the county wherein the action was brought, had "departed this life on," etc., in another

| | |
|---|---|
| 61 | 117 |
| 136 | 653 |
| 61 | 117 |
| 138 | 92 |
| 61 | 117 |
| 140 | 459 |
| 143 | 438 |
| 61 | 117 |
| 146 | 370 |
| 61 | 117 |
| 148 | 686 |
| 148 | 687 |
| 148 | 688 |
| o148 | 689 |
| 150 | 305 |
| 150 | 314 |

State, " while temporarily absent from this State," and that the decedent, " at the time of his death," was " the owner of personal property in " such county, is sufficient on motion in arrest.

SAME.—*Foreign Will Probated in Foreign State.—Application to Record in this State.*—Where a person interested in a will duly executed and admitted to probate in another State produces in a circuit court of this State, for filing and record, a copy of such will and of the record of the probate thereof in a county court of such other State, duly certified to and authenticated by the clerk and judge thereof, the validity of such will can not be contested, nor the probate thereof set aside, in this State, for any cause.

SAME.—*Practice.—Motion to Withdraw Submission.*—The question of the jurisdiction of the court over the subject-matter, and of the sufficiency of the complaint, in an action to contest the validity of a will so probated, can not be tested by a motion, made by the defendant at the close of the evidence, to withdraw the submission of the cause.

SAME.—*Constitutional Law.*—The act of February 1st, 1859, 2 R. S. 1876, p. 579, note 2, entitled "An act supplemental to an act entitled 'An act prescribing who may make a will,'" etc., is of doubtful constitutionality, but it does not, in any event, apply in a case where a copy of a foreign will and of the record of the probate thereof is sought to be filed and recorded in a court of this State.

SAME.—*Pleading.—Misjoinder of Parties.*—The administrator of the estate of a deceased testator can not maintain an action to contest an alleged will of such decedent, or to resist or set aside the probate thereof, jointly with the heirs of the decedent, where the complaint shows no joint cause of action in the plaintiffs; and the complaint in such case is bad on motion in arrest, or on an assignment of error in the Supreme Court on appeal, questioning its sufficiency.

From the Hendricks Circuit Court.

*C. Foley,* for appellants.

*T. C. Campbell* and *L. M. Campbell,* for appellees.

HOWK, J.—On the second day of the April term, 1873, of the court below, the clerk thereof reported to the court, that, on the 11th day of April, 1873, he had issued letters of administration upon the estate of Joshua Harris, deceased, to Thomas W. Morgan.

On the same day of said term, Simeon K. Crume produced and showed to the court a copy of the last will of said decedent, and of the record of the probate thereof, duly certified and authenticated by the clerk and judge, having custody thereof, of the county court of Owen

county, in the State of Kentucky, and also filed his application in writing, asking the court to order the said copy to be filed, recorded and allowed as the last will of said decedent.

Thereupon, on the same day, the appellees, William Harris, Sophia Rice, Melissa Gambold and Thomas W. Morgan, administrator of the estate of said Joshua Harris, deceased, filed their complaint in writing, in the court below, against the appellants.

In their complaint, the appellees alleged, in substance, that said William Harris was a brother, and said Sophia Rice and Melissa Gambold were sisters, and the said Morgan was the administrator of the estate, of said Joshua Harris, deceased; that said decedent had neither father nor mother living at the time of his death, nor did he ever have wife or children; that, on the 17th day of April, 1873, the appellants Simeon K. Crume and James Harris presented and produced to the clerk of said court a document or paper purporting to be the copy of the last will of said Joshua Harris, made on the 15th day of March, 1873, attested by J. W. Johnson and H. P. Montgomery, and proven before one Thomas A. Ireland, clerk of the Owen County Court, in the State of Kentucky, by which supposed will said Joshua Harris devised four thousand dollars to the appellant James Harris, four thousand dollars to the appellant Simeon K. Crume, and one thousand dollars to Nancy Ann Murray, a person unknown to the appellees; that the appellees were informed that said supposed legatees were asking to have the said supposed will admitted to probate and entered of record, in Hendricks county, Indiana; that the appellees objected to the probate and record of said will and denied the validity thereof, for the reason that said Joshua Harris was not a man of sound mind or disposing memory, at the time of the execution of said will; "that said Joshua Harris had been duly convicted on a charge of insanity by the Common Pleas Court of Hendricks county, and

committed to the Hospital for the Insane in the State of Indiana, in the year 1860, and remained there in confinement for six years, or thereabouts, from which insanity he never recovered;" that said Joshua was old and infirm, both in body and mind, at the time of the execution of said supposed will, and easily influenced and persuaded; and that said James Harris and Simeon K. Crume, being in the company of said Joshua Harris, and having unusual control and influence over him, by the exercise of undue influence over him, procured him to execute said will, if he ever did execute it.

The appellees further alleged, that "Joshua Harris, who was a resident of Hendricks county, Indiana, for about thirty or forty years, departed this life on the 29th day of March, 1873, while temporarily absent from this State, in the State of Kentucky; and that said deceased was, at the time of his death, the owner of personal property in the county of Hendricks and State of Indiana, consisting of promissory notes, money, etc., of the probable value of seven thousand dollars."

The appellees prayed, that, upon a full hearing of this cause, the said supposed will might be set aside and held for naught, and the estate of said Joshua Harris be administered as an intestate estate, and the proceeds be distributed under the law, and they demanded judgment for costs and for all proper relief.

This complaint was duly verified.

The appellants James Harris, Simeon K. Crume and Nancy Ann Murray, answered the complaint by a general denial, and the other defendants made default.

The issues joined were tried by a jury, and a verdict was returned, as follows:

" The jury is directed by the court to find a special verdict on the following issues:

"1st. Is the plaintiff William Harris the brother, and are the plaintiffs Sophia Rice and Melissa Gambold the sisters and heirs at law of the deceased, Joshua Harris,

and is the plaintiff Thomas W. Morgan the administrator of his estate?

" Answer. Yes.

"2d. Was the said decedent, Joshua Harris, at the time of the execution of the will presented for record in this proceeding, a man of unsound mind?

"Answer. Yes.

" 3d. Had the said Joshua Harris, at the time of the execution of said will, sufficient disposing memory to understandingly dispose of his estate?

"Answer. No.

"4th. Did the defendants James Harris and Simeon K. Crume, or either of them, procure the execution of said will by the said Joshua Harris, by the exercise of undue influence over the said Joshua Harris?

" Answer. Yes."

Thereupon the appellants James Harris and Simeon K. Crume moved the court, in writing, in arrest of judgment, for the following reasons, to wit:

" 1st. Because the court has not jurisdiction of the subject of this action; and,

" 2d. Because the complaint in this cause does not state facts sufficient to constitute a cause of action."

This motion was overruled, and to this decision the appellants excepted. Thereupon judgment was rendered by the court below, that the said supposed will was null and void, and ought not to be allowed as the last will of said Joshua Harris, deceased, and that the appellees recover of the appellants the costs of this action; from which judgment this appeal is now here prosecuted.

In this court the appellants have assigned the following alleged errors:

1. That the court below erred in overruling their motion, made at the conclusion of the introduction and hearing of the evidence, to withdraw the submission of the trial of said cause from the jury, and to discharge the jury from further consideration of the same;

2.  That the court erred in overruling their motion in arrest of judgment; and,

3.  That the complaint in this case did not state facts sufficient to constitute a cause of action.

The questions presented by these alleged errors will be considered and decided in the order of their assignment.

1.  It appears from a bill of exceptions properly in the record, that, after all the evidence on the trial of this cause had been introduced and heard, the appellants moved the court in writing, " to withdraw the submission of the trial of this cause from the jury, and to discharge the jury from the further consideration of this cause."

In support of this motion several causes were assigned therein at length; but these causes may all be summed up in this: that the appellees' complaint in this case showed upon its face that the last will of said Joshua Harris, deceased, was executed by him in the State of Kentucky, and had been duly proved and allowed in the county court of Owen county, Kentucky, and that the only question for adjudication in the court below, in connection with said will, was a question of law relating to the sufficiency of the certificates and authentication of the copy of said will and the probate thereof, produced in said court for record.

This motion, we think, was not authorized by any statute or rule of practice obtaining in the courts of this State, and was, therefore, properly overruled. As we understand the motion, the appellants thereby intended to call in question the jurisdiction of the court below over the subject-matter of the action, and the sufficiency of the facts stated in appellees' complaint to constitute a cause of action.    These were and are the important and controlling questions in this case; but the rules of good pleading certainly required that the appellants should present these questions, either by demurrer or by answer, before the trial of the cause.    By their failure to

demur or answer, however, the appellants are not deemed to have waived the objections to the jurisdiction of the court over the subject of the action, or to the want of sufficient facts in the complaint to constitute a cause of action. 2 R. S. 1876, p. 59, sec. 54.

These questions properly arise under the other errors assigned, and will be considered in connection therewith.

2. As we have seen, the first cause for the arrest of judgment herein assigned by the appellants in their motion therefor was this: "Because the court has not jurisdiction of the subject of this action."

It is clear, we think, that actions to contest the validity, and to resist or set aside the probate of an alleged last will, are purely statutory; that is, they can only be brought, and successfully maintained in the court, within the time and upon the grounds prescribed in and by the statute which authorizes such actions. In this State we have several statutory provisions in relation to the proper venue of such actions, or the county and court in which they must be commenced. In section 39 of "An act prescribing who may make a will," approved May 31st, 1852, it is provided, *inter alia*, that an action to contest the validity or resist the probate of any will must be brought "in the court of common pleas of the county where the testator died, or where any part of his estate is." 2 R. S. 1876, p. 580.

In section 31 of the practice act, approved June 18th, 1852, it is provided, that "An action to establish or set aside a will, must be brought in the county in which the will, if valid, ought, according to law, to be proved and recorded." 2 R. S. 1876, p. 46.

In section 23 of the said act, prescribing who may make a will, etc., it is provided, in substance, that a last will must be proved in the county of which the testator, "immediately previous to his death," was an inhabitant, or, if the testator was not an inhabitant of this State, in the

county in which he left assets, or into which his assets might thereafter come. 2 R. S. 1876, p. 576.

By section 79 of an act abolishing the courts of common pleas, etc., approved March 6th, 1873, it was provided, that circuit courts should have the same jurisdiction that had theretofore "been exercised by the court of common pleas." 1 R. S. 1876, p. 390.

Construing together all these statutory provisions, we reach the conclusion, that, in this State, an action to contest the validity, and resist or set aside the probate, of an alleged last will, must be brought in the circuit court of the county whereof the testator was an inhabitant "immediately previous to his death," or, if not such an inhabitant of this State, in the county in which he left assets, or into which his assets might have come. These are jurisdictional facts; and the rules of good pleading certainly require, that, in such an action, the plaintiffs should allege one or more of these facts in their complaint.

The averments of the appellees' complaint in this action were not very certain or specific in regard to these jurisdictional facts; but we think they were sufficiently so to withstand the appellants' motion in arrest of judgment. Sutherland v. Hankins, 56 Ind. 343.

We have hitherto considered this question of jurisdiction, as if this were an ordinary action to contest the validity, and resist or set aside the probate, of a domestic will, or of a will executed in this State. But such was not the character of the action presented in and by the record now before us. It appears from this record, that a duly certified and attested copy of the last will of said Joshua Harris, deceased, and of the probate thereof in the county court of Owen county, in the State of Kentucky, was produced by the appellant Simeon K. Crume, as the executor of said will and a legatee named therein, to the court below, at its April term, 1873, to be filed and recorded by the clerk of said court, as the last will of said

decedent. The will in question was apparently executed on the 15th day of March, 1873, by Joshua Harris, then "domiciled in Owen county, Ky.;" and it "was produced in the Owen county court, at the special term held on the 31st day of March, 1873, for probate, and fully proven by the oaths of J. W. Johnson and H. P. Montgomery, the subscribing witnesses thereto, and ordered to be admitted to record, as the true last will and testament of said decedent, which hath accordingly been done." The sufficiency of the certificates attached to the copy of the will, and of the probate thereof, produced to the court below, were not questioned in that court, and they seem to us to conform to the requirements of the statute.

In section 34 of the act before referred to, "prescribing who may make a will," etc., it is provided, that "Any written will that shall have been proven or allowed in any other of the United States, or in any foreign country, according to the laws of such state or country, may be received and recorded in this State in the manner and for the purpose mentioned in the next two following sections." 2 R. S. 1876, p. 578.

Section 35 of said act reads as follows: "Such will shall be duly certified under the seal of the court or officer taking such proof; or, a copy of such will, and the probate thereof shall be duly certified, under the seal of his court or office, by the clerk, prothonotary, or surrogate who has the custody or probate thereof, and such certificate shall be attested and certified to be authentic and by the proper officer, by the presiding or sole judge of the court, by whose clerk or prothonotary such certificate shall have been made, or if such will was admitted to probate before any officer, being his own clerk, his certificate of such will or record shall be attested and certified to be authentic, and by the proper officer, by the presiding or sole judge, chancellor or vice-chancellor, or the court having supervision of the acts of such officer."

In section 36 of said act, it was provided, that " Such will or copy, and the probate thereof, may be produced by any person interested therein, to the court of common pleas of the county in which there is any estate, on which the will may operate, and if said court shall be satisfied that the instrument ought to be allowed as the last will of the deceased, such court shall order the same to be filed and recorded by the clerk; and thereupon such will shall have the same effect as if it had been originally admitted to probate, and recorded in this State." 2 R. S. 1876, p. 579.

Section 37 of said act provides, that " No will executed in this State, and proven or allowed in any other state or country, shall be admitted to probate within this State, unless executed according to the laws of this State."

These four sections contain all the provisions of said act in relation to what may be termed "foreign wills," that is, written wills not executed in this State, which have been proven or allowed in any other of the United States, or in any foreign country, according to the laws of such state or country, before the production of such wills, or of copies thereof and of the probate thereof, to the courts of this State.

It will be seen, that provision is made, in said section 35, for the production in the courts of this State, *first,* of such wills, duly certified, etc., and, *secondly,* of copies of such wills and the probate thereof, duly certified, etc.

In the act referred to, it is very certain, that no provision whatever was made for contesting the validity, and resisting or setting aside the probate, of such foreign wills, or of the copies thereof and of the probate thereof, when the same, or either of them, may be produced to the proper courts of this State, upon any grounds whatever.

In 1859, however, an act was passed by the General Assembly of this State, entitled "An act supplemental to an act entitled ' An act prescribing who may make a

will, the effect thereof, what may be devised, regulating the revocation, admission to probate and contest thereof,' approved May 31st, 1852," approved February 1st, 1859. Omitting the enacting clause, the 1st section of this supplemental act provided, " That in all cases of foreign wills and testaments, heretofore admitted, or hereafter to be admitted to probate, or which may have been or may be offered for record and filing in any county of this State, any person interested in the estate of the testator, may contest such will or testament within the time, in the manner and for any or all the causes prescribed by the laws of Indiana, in cases of the contest of domestic wills." 2 R. S. 1876, p. 579, note 2.

It is evident, we think, that this supplemental act is applicable, in its terms, only to the first case mentioned in said sections 35 and 36; that is, to the case where the foreign will itself, duly certified, etc., is offered to the proper court of this State, either for probate or for filing and record. It is certain, that this supplemental act does not, in express terms, provide for contesting, in the courts of this State, a foreign will, when a copy thereof and of the probate thereof, duly certified, etc., may be offered therein for-filing and record. The constitutionality of said act, as it reads, is at least questionable; but if it provided for contesting, in the courts of this State, a foreign will, when a certified copy of such will, and of the probate thereof in the proper court of any other of the United States, was produced therein for filing and record, it is clear, we think, that such a provision would be in violation of both the letter and spirit of the 1st section of the fourth article of the Constitution of the United States, which requires that " Full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State." In our opinion, the strict letter of this supplemental act did not give the court below jurisdiction of the subject of this action; and it is not a case in which the letter of the statute

should be enlarged or varied by judicial construction. The record of this cause shows very clearly, that the appellees relied upon the provisions of this supplemental act, in bringing their action. The certified copy of the will, and of the probate thereof, is mentioned in, and by reference is made part of, the appellees' complaint. The jurisdiction of the county court of Owen county, Kentucky, in the probate of said will, is not controverted nor denied by any direct averment in said complaint. But without regard to this question, or to the character and effect of the judgment of said county court in the probate of said will, it seems to us, that the appellees' action is not authorized by any of the legislation of this State, and that the action was, for this reason, not within the jurisdiction of the court below.

3. The second cause assigned for the arrest of judgment, in the appellants' motion therefor, and the third alleged error, alike call in question the sufficiency of the facts stated in the appellees' complaint to constitute a cause of action. The action, as we have seen, is purely statutory; and, as the appellees' complaint does not show a case which is authorized by the statutes of this State, it would seem to be clear that the facts stated in said complaint were not sufficient to constitute a cause of action.

In another point of view, it seems to us, that the appellees' complaint was defective and insufficient. It failed to show a cause of action, in any aspect of the case, in favor of Thomas W. Morgan, administrator of the estate of said Joshua Harris, deceased, one of the parties plaintiffs in this action, either in his own right or in his representative character, or jointly with his co-plaintiffs. It is very clear, we think, that the administrator of a decedent, even in the case of a domestic will, could not maintain an action to contest the validity, and resist or set aside the probate, of such will; and it is certain, that, in such a case, the administrator and the heirs

at law of the decedent can not have a joint cause of action. In the case of *Berkshire* v. *Shultz,* 25 Ind. 523, it was held by this court, that, "Where two or more plaintiffs unite in bringing a joint action, and the facts stated do not show a joint cause of action in them, a demurrer will lie upon the ground that the complaint does not state facts sufficient to constitute a cause of action." To the same effect are the following cases in this court: *Lipperd* v. *Edwards,* 39 Ind. 165; *Griffin* v. *Kemp,* 46 Ind. 172; *Neal* v. *The State,* 49 Ind. 51; and *Parker* v. *Small,* 58 Ind. 349. This objection to the complaint was not waived, by the appellants' failure to demur thereto, on that ground; but it could be reached by their motion in arrest of judgment, or by their assignment thereof as error in this court.

In our opinion, the appellees' complaint did not state facts sufficient to constitute a cause of action, and the court below erred in overruling the appellants' motion in arrest of judgment.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the appellants' motion in arrest of judgment.