No. 8258.

## SCHEE *v.* WISEMAN, ADM'R, ET AL.

PLEADING.—*Complaint.—Parties.*—A complaint that does not show a right of action in favor of all the plaintiffs is insufficient on a demurrer for want of facts.

LEASE.—*Trespass.—Personal Property.—Decedents' Estates.*—A leasehold estate is personal property, the title to which on the death of the holder passes to his administrator, and not to the widow and heirs, and for a trespass committed thereon, either before or after his death, the administrator alone could sue, and a complaint to recover for the trespass, in which the widow and heirs of the decedent join with the administrator, is insufficient on demurrer for want of facts.

From the Vigo Circuit Court.

*S. C. Davis, S. B. Davis* and *C. F. McNutt,* for appellant.

*S. B. Gookins* and *G. C. Duy,* for appellees.

WORDEN, J.—Action by Andrew Wiseman as administrator of the estate of William McQuilkin, deceased, and the widow and heirs at law of the deceased, against James Schee.

Complaint in two paragraphs. Demurrer for want of facts to each paragraph; sustained as to the first and overruled as to the second. Issue; trial by the court; finding and judgment for the plaintiffs.

The second paragraph of the complaint was as follows:

"The plaintiffs, for a further and second paragraph to their complaint, say, that the said defendant, on or about the 13th day of September, 1876, and on divers other days, unlawfully entered into and upon a certain coal mine of the said plaintiffs, administrator, widow and heirs of said William McQuilkin, deceased, in the county of Vigo, described as follows, to wit: 'All the coal contained in the upper vein or stratum of coal under six acres of land, situated in Vigo county and State of Indiana, described as follows to wit: Commencing at a point twenty-three rods north of the southwest corner of the east half of the northwest quarter of section eight (8), in township twelve (12) north, range nine (9) west, and running thence east to where the coal crops out, and extending north far enough to make six acres, with the west line of said east half of said northwest quarter of said section 8, as the west boundary, and following the "crop-out" of the coal on the east as the east boundary thereof, it being understood that the term "crop-out" as herein used means the points and places where the coal becomes so thin and worthless as to be unfit and unprofitable for mining purposes. And it is further understood the coal crops out under the surface, so that it can not be determined where it does crop out until the coal is mined; therefore the true intent and meaning of this conveyance is, that McQuilkin shall have the right to mine and take out the coal in said vein, commencing at the point first indicated and extending to the east as far as the coal is fit to mine, and go north between the eastern and western boundaries till he has taken out from under six acres, with full rights and privileges

to take and carry away over and upon said east half of said quarter section, for men and teams, to enable him to prosecute the work of mining and taking out said coal: Provided, nevertheless, that all right to mine and remove said coal, with other incidental rights, shall cease at the expiration of twenty years from the 30th day of September, 1870.'

"And the plaintiffs say that the defendant has mined, taken out and removed large quantities of coal from said mine, amounting, to the best of their knowledge and belief, to upwards of six thousand bushels of coal, of the value of two thousand dollars; and the said defendant is still continuing, day after day, to work said mine and to take out and remove coal therefrom, and is removing other property of the plaintiffs, and in so doing is doing irreparable damage and injury to said coal mine, and to the deposit of coal therein, the same being a leasehold property, and the estate of the said William McQuilkin in his lifetime, and now the property of the plaintiffs as administrator of and as widow and heirs of said William McQuilkin, deceased; and the plaintiffs say the defendant in so doing claims that he is the owner of said mine and property, whereas in truth and in fact, by a judgment and decree of the Vigo Circuit Court, rendered at the February term, 1875, in a certain cause there pending between the said William McQuilkin, in his lifetime, and the said defendant, it was considered, adjudged and decreed, that the said coal and coal mine, by the above description, were the property of the said William McQuilkin, and that he recover possession of the same from the defendant, pursuant to which recovery, by a writ of possession issued from said court upon said judgment to the sheriff of said county, possession of said property and premises was in due form of law delivered to said plaintiff Wiseman, by said sheriff, which judgment is in full force and unreversed.

"And the plaintiffs say that after the recovery of said judgment, and before the issuing of said writ of possession, the plaintiff Wiseman was, by the Vigo Circuit Court, duly ap-

pointed administrator of the estate of said William McQuilkin, deceased, and that on the 24th day of November, 1877, the plaintiff, as such administrator, filed his petition in the Vigo Circuit Court in due form, setting forth that the estate of said William McQuilkin was probably insolvent, and therefore said estate was by said court adjudged to be probably insolvent, and was ordered to be settled as insolvent, which order of record remains in full force.

"And the plaintiffs say, that, unless the defendant is restrained by an injunction and restraining order of this honorable court from so doing, the said defendant will continue to mine, take out, remove and carry away the coal from said mine, thereby doing irreparable injury thereto. Wherefore," etc.

We are met at the threshold of this case with the proposition, that, on the facts stated, the right of action was alone in the administrator and not in the widow and heirs of the deceased, and, therefore, that the demurrer to the paragraph should have been sustained.

This position is well taken. The facts stated are, in brief, that McQuilkin had a leasehold estate for twenty years, on which the defendant committed trespass by mining and carrying away the coal.

The leasehold estate was personal property, and upon the death of McQuilkin the title to it passed to his administrator and became assets, and did not go to the widow and heirs. *Smith* v. *Dodds*, 35 Ind. 452 ; *McDowell* v. *Hendrix*, 67 Ind. 513.

The administrator alone could sue for the trespass, whether committed before or after the death of McQuilkin.

No right of action was shown in favor of the widow and heirs of the deceased, as the damages claimed would be assets subject to the payment of debts, or to distribution according to law.

A complaint that does not show a right of action in favor of all the plaintiffs is bad on demurrer for want of sufficient facts. *Berkshire* v. *Shultz*, 25 Ind. 523 ; *Davenport* v. *McCole*, 28 Ind. 495 ; *Goodnight* v. *Goar*, 30 Ind. 418 ; *Debolt* v. *Car-*

*ter*, 31 Ind. 355; *Lipperd* v. *Edwards*, 39 Ind. 165; *Parker* v. *Small*, 58 Ind. 349. Several more recent cases are to the same effect.

The demurrer to the paragraph should have been sustained.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.