Bilsland, Executor, v. McManomy.

---

No. 8935.

### BILSLAND, EXECUTOR, v. McMANOMY.

82  139
136  527

CONTRACT.—*Consideration.*—*Merger.*—*Release of Surety in Judgment.*—R. recovered a judgment on a note against B. and M., the latter being surety. Theretofore, B. had made his note to S. for $2,500, and to secure that and to indemnify M. had executed a mortgage to S. and M. upon 300 acres of land. Afterwards, in pursuance of an agreement between all of said parties, B. paid R. $1,000 on the judgment, and conveyed forty acres of the land to S., in satisfaction of his demand, and M., for the purpose of releasing the forty acres from the lien of the mortgage, assigned the same to S., R. at the same time agreeing to release M. from the judgment.

*Held*, in an action by M. to enjoin the levy and sale of his property under the judgment, that the agreement was upon a sufficient consideration and binding on R. and his executor, and was not merged in a subsequent written release, made without M.'s knowledge, by R. to B.

MORTGAGE.—*Misdescription.*—*Assignment of Record.*—The effect and validity of an assignment of record of a mortgage are not affected by the fact of an error in the record in respect to the description of the premises.

FORMER ADJUDICATION.—*Action to Enjoin Enforcement of Judgment.*—The judgment, in an action by two to enjoin the enforcement of a joint judgment against them, is no bar to a separate action by one of them to enjoin the enforcement of the same judgment against him, on grounds personal to himself, and in which his co-defendant has no interest.

SAME.—*Pleading.*—*Joint Plaintiffs must have Joint Cause of Action.*—*Injunction.*—A complaint must show a joint cause of action in favor of all the plaintiffs; and parties having separate causes of action, though they seek the same relief, as a rule, can not join in one complaint, and this rule applies to an action to enjoin the enforcement of a judgment against two or more, who each have separate grounds for the injunction, of such character as not to be available for each and all of the judgment defendants.

From the Fountain Circuit Court.

*L. Nebeker, S. M. Cambern* and *H. H. Stilwell,* for appellant.
*S. F. Wood,* for appellee.

WOODS, J.—The only question to be considered in this case is whether the finding of the court was according to the law and the evidence.

The action was by the appellee to enjoin the seizure and sale of his property upon an execution in favor of the appellant as the executor of the last will of David Rawles, the ground of the application for the injunction being an alleged parol release of the appellee from the judgment on which the execution issued, made by Rawles in his lifetime, for a consideration named in the complaint. The defences pleaded are the general denial, no consideration for the release, and former adjudication.

We are of opinion that the finding and judgment of the circuit court are right.

The evidence shows that Rawles, in his lifetime, had recovered a judgment against the appellee McManomy and one Robert D. Brown, McManomy being surety for Brown in the note on which the judgment had been rendered, as well as in other obligations, and Brown, being also indebted to one Cyrus Rush in the sum of $2,500, had made his notes to Rush for that amount, and a note to McManomy for $7,000, and to secure these notes had executed a mortgage upon his real estate, comprising three hundred acres or more, intended, so far as the appellee was concerned, to indemnify him against loss on account of his suretyship for Brown. The lien of this mortgage was prior to that of Rawles' judgment.

Afterwards it was agreed between Rawles, Brown, Rush and McManomy that Brown should pay Rawles $1,000, and convey forty acres of the mortgaged land to Rush in payment of the sum due Rush upon the mortgage; that McManomy should release the mortgage in respect to the forty acres so conveyed, and Rawles should release McManomy from further liability upon his judgment.

Upon this understanding Brown did then and there pay to Rawles $1,000, conveyed to Rush, and Rush accepted, the forty acres in discharge of his claim, and the appellee entered upon the margin of the record of the mortgage an assignment of his interest therein to Rush. By reason of a mistake in the recording of the mortgage, the forty acres so conveyed to Rush, and intended to be released by the appellee, was misdescribed in the record of the mortgage, though properly described in the original instrument.

While the assignment so made by the appellee was in terms an assignment of his entire interest in the mortgage, he and Rush each testified that the intention was to have made an assignment of the appellee's interest in the forty acres only, and for the purpose of showing this, Rush afterwards, without the knowledge of the appellee, caused an interlineation to be made by the recorder in the entry of the assignment, but this was done in such a manner as to be unintelligible.

After the making of the agreement already recited, and the conveyance by Brown to Rush, and the assignment of the mortgage by the appellee as stated, Rawles and Brown, without the knowledge of the appellee, came to an understanding, upon which Rawles signed and delivered to Brown the following writing, to wit:

"COVINGTON, IND., October 31st, 1876.

"This is to certify that I have this day agreed, for consideration paid, to not attempt to collect a judgment in my favor, against Robert D. Brown and James McManomy, taken in the court of common pleas of Fountain county, Indiana, and by and with the consent of the said McManomy.

(Signed)    "D. RAWLES."

Upon the death of Rawles, the appellant, Bilsland, qualified as the executor of his last will, and caused an execution to be issued against the property of the appellee and Brown, who, however, had become insolvent, and for the purpose of enjoining the enforcement of that writ, at the December term of the Fountain Circuit Court, 1878, McManomy and Brown

together brought a suit against the same parties who are sued in this case, setting out as ground therefor the above writing made by David Rawles. There was an answer of general denial and of want of consideration, a trial, finding and judgment for defendants, and a bill of exceptions by which the evidence was made part of the record.

An examination of the evidence adduced on that trial shows that the decision of the court must have been based upon the fact that there was no consideration for the writing delivered by Rawles to Brown.

The appellants now advance the following propositions:

"*First.* The parol release, set up in the complaint, was merged in the writing signed by Rawles, and delivered to Brown on the same day, and afterwards sued on by Brown and McManomy.

"*Second.* The parol release, relied on, was not supported by a sufficient consideration.

" *Third.* The question whether the Rawles estate has the right to collect the judgment was adjudicated in the former action."

It sufficiently appears from the statement already given, that the parol agreement on which the present action is predicated had no direct connection with the writing delivered by Rawles to Brown, whatever may have been its effect as an inducement to the making of that instrument. The parties to the two agreements were different; the considerations therefor, so far as there were considerations, were different, and we perceive no reason for holding that the first was merged in the latter.

The complaint and the evidence show a sufficient consideration for the parol agreement on which this action is prosecuted.

Aside from the payment of money by Brown to Rawles, which, it is claimed, was no consideration, because the payment of what was due, is the fact that the agreement has been performed by Brown and Rush in the conveyance of the land, and by the appellee in the assignment of the mortgage.

The transaction, moreover, resulted to the benefit of Rawles beyond the mere receipt of money from his debtor, in that he secured the release of Brown's lands, except the portion conveyed to Rush, from the lien of Rush's mortgage; and on the part of Rush there was a surrender of his prior lien upon 300 acres, and an acceptance of forty acres in full payment, which, if there had been no legal benefit to Rawles in the transaction, would have been such a detriment to Rush as to afford ample consideration for the mutual agreement which was made.

It is argued that the appellee's agreement was with Rawles, was executory and has not been performed, and that, as Rawles, in receiving the $1,000 from Brown, obtained all he bargained for, his executor could not enforce the agreement against the appellee, and hence no one can enforce it.

But this is not the case presented. The appellee's agreement was not with Rawles alone. It was with Rush and Brown as well, and was performed or attempted to be performed by all the parties. What was to be done by Rush and Brown, they did, and so were in a position to enforce performance by the appellee. The appellee attempted to perform, by assigning the mortgage of record to Rush; and that assignment was not ineffective because of the mistake in the recording; and it was immaterial to Rawles, if not a benefit to him, that the assignment was of the entire interest of the appellee in the mortgage. If the assignment did not operate as an extinguishment of the appellee's interest in the security, the assignee, being cognizant of the rights of all the parties, could not have put the mortgage to any unjust use, to the injury of Rawles.

The argument is advanced that the assignment of the mortgage, without assigning the debt secured by it, was a nullity, and therefore amounted to nothing. In support of this proposition, counsel have cited *Johnson* v. *Cornett,* 29 Ind. 59, and *Hubbard* v. *Harrison,* 38 Ind. 323. In the latter case is a

dictum to that effect, but neither case decides the point. See *Ottman* v. *Moak*, 3 Sandf. Ch. 431 ; Jones Mortgages, 805.

Be the general rule on this subject as it may, in the case before us, to say the least, while the appellee held a note, he held no debt—the note and mortgage being intended for indemnity only, and having no other consideration ; and the appellee having agreed with Rush and the other parties named to release that mortgage from the part of the land conveyed to Rush, and having made the assignment for the purpose of executing that agreement, he was to that extent bound by it, though possibly entitled to a modification of the assignment so as to confine its effects to the forty acres only, and to preserve his lien upon the remainder of the land as indemnity against the other obligations of Brown on which he became surety.

The alteration of the assignment, made as it was, without the knowledge or consent of the appellee, can not affect his rights as against the representative of Rawles.

In respect to their last proposition, counsel insist that the appellee might have made his alleged parol agreement a cause for the injunction in the first action, and, that not having done so, he is precluded by the judgment in that action from seeking the same relief, for that cause, in this action.

After citing Wells on Res Adjudicata, sections 266, 248, *Henderson* v. *Henderson*, 3 Hare, 100, 115, *Bell* v. *McColloch*, 31 Ohio St. 397, and *Betts* v. *Starr*, 5 Conn. 550, counsel say : " We insist, that whatever questions would have been covered by a judgment for the plaintiffs, were covered by a judgment for defendant. That if Brown and McManomy had obtained their injunction, it would have protected their several property, as well as any joint property, and that any attempt whatever by the Rawles estate, to enforce collection from either, would have been a contempt. That in order to determine fully the rights of Rawles, as against each and all of the judgment defendants, it was not necessary to have three lawsuits.

"It was necessary that the complaint in the former suit should show that both of the plaintiffs were entitled to the same relief, but not, as we understand, upon the same precise grounds. Creditors may join in setting aside a fraudulent conveyance. All the facts connected with the making of the conveyance may be relied on, though the facts may not operate equally in favor of all."

The argument reveals its own weakness. In the joint action of the appellee and Brown to enjoin the collection of the judgment, they could avail themselves only of joint causes of action, or such causes as enured to the benefit of both, and neither of them could have pleaded or proved a separate release, which was not available to the other. Brown was the principal debtor, and the appellee only surety, in the judgment, and consequently a personal release of the appellee did not affect the liability of Brown.

It is true, that under the 368th section of the code of 1852, R. S. 1881, section 568, the court may render judgment for or against a part of the plaintiffs; but it is nevertheless true that the complaint in each case must show a cause of action in favor of all who join in it, otherwise it will be subject to demurrer; and each paragraph of the complaint must show a cause of action in favor of all the plaintiffs. Parties having separate causes of action may not join in one complaint, setting up their several causes of action either in the same or in different paragraphs. *Harris* v. *Harris,* 61 Ind. 117, and cases cited.

If there are any exceptions to this rule, the action to enjoin the enforcement of a judgment by different defendants, on separate and distinct grounds, is not one of them.

Judgment affirmed, with costs.