No. 9519.

## HYATT v. COCHRAN ET UX.

PLEADING.—*Parties.*—*Practice.*—As a rule, where two or more join in an action, the complaint must show a right of action in favor of all the plaintiffs.

REAL ESTATE.—*Use and Occupation.*—*Husband and Wife.*—*Parties.*—*Statute Construed.*—Section 794, 2 R. S. 1876, p. 313, does not permit the joining of a wife as plaintiff in an action to enforce a right or remedy belonging solely to the husband, as for the use and occupation of his land.

SAME.—*Occupying Claimant.*—*Set-Off for Improvements.*—*Counter Set-Off for Prior Use and Occupation.*—*Statute of Limitations.*—*Statute Construed.*—Under section 1058, R. S. 1881, a recovery for the use and occupation of land can be had for no more than six years prior to the commencement of the action therefor; but if the defendant asks a set-off for the value of the improvements, the plaintiff may have a counter set-off for the use and occupation of the premises before the commencement of the six years for which there may be a direct recovery.

From the Daviess Circuit Court.

*J. W. Burton* and *W. D. Bynum*, for appellant.

*G. G. Reily*, *W. C. Johnson* and *W. C. Niblack*, for appellees.

WOODS, C. J.—Complaint by the appellees in two paragraphs, each showing the plaintiffs to be husband and wife, and charging the appellant with the unlawful and tortious occupation of certain lands for specified periods, and with the wrongful cutting and removal of timber therefrom.

In the first paragraph it is alleged that the lands belonged to the husband, and in the second that they belonged to the wife. The appellant insists that his demurrer to the first

paragraph should have been sustained, because it fails to show a right of action in favor of both plaintiffs.

The point is well taken unless the fact that the plaintiffs are shown to be husband and wife takes the case out of the ordinary rule, " that where two or more join in an action, the complaint must show a right of action in favor of both or all of them." *Lipperd* v. *Edwards*, 39 Ind. 165. *Maple* v. *Beach*, 43 Ind. 51 ; *Parker* v. *Small*, 58 Ind. 349 ; *Harris* v. *Harris*, 61 Ind. 117.

By the 794th section of the code of 1852, under which the action was brought and tried, it was provided that "Husband and wife may join in all causes of action arising from injuries to the person or character of either and both of them, or from injuries to the property of either and both of them, or arising out of any contract in favor of either and both of them."

The counsel for the appellee claim that, under this provision, the paragraph is good. While counsel for the appellant insist that the section is not applicable ; that the word *and* is used conjunctively in each phrase, " of either and both of them," and must not be regarded as the equivalent of *or*, as the counsel for appellee assert; and, therefore, the paragraph is bad because it shows an injury to the property of the husband alone, and not to " the property of either and both of them," or of " one and both of them."

It is difficult to determine the meaning of this section of the code; but we are of the opinion that it was not intended to require or to permit the joining of the wife as plaintiff in an action to enforce a right or remedy belonging solely and entirely to the husband. It follows that the court erred in overruling the demurrer to the first paragraph of the complaint.

There is another question in the record which ought to be decided, because it will doubtless arise again in the case.

The 609th section of the code, R. S. 1881, section 1061, provides: " When the plaintiff, in an action of this nature, is entitled to damages for withholding or using or injuring his property, the defendant may set off the value of any permanent improvements made thereon to the extent of such dam-

Hyatt *v.* Cochran *et ux.*

ages, unless he prefers to avail himself of the law for the benefit of occupying claimants."

By the law concerning occupying claimants, section 617 of Code, R. S. 1881, section 1076, it is provided, that "the court or jury trying the cause shall assess—

"*First.* The value of all lasting improvements made, as aforesaid, on the lands in question previous to the commencement of the action for the recovery of the lands.

"*Second.* The damages, if any, which the premises may have sustained by waste or cultivation to the time of rendering judgment.

"*Third.* The fair value of the rents and profits which may have accrued, without the improvements, to the time of rendering judgment."

The defendant pleaded, by way of set-off, the value of improvements made by him upon the land, and to this the plaintiff replied by setting up as a counter set-off the value of the use and occupation by the appellant for a period anterior to the commencement of the six years next before the bringing of the action. This the court held to be a good reply, and we conclude that the ruling was right.

The right to recover for the wrongful use and occupation of land is limited to the six years next before the commencement of the action. Code, section 598, R. S. 1881, section 1058. The ordinary rule of set-off does not apply, because the action of the plaintiff is not upon contract, but for a tort, and, were it not for the statute, the wrong-doer would be entitled to nothing for his improvements. By analogy to the rule applicable to ordinary set-off, if one who has been in wrongful possession more than six years, pleads his improvements in reduction of the plaintiff's demand, the plaintiff ought to be permitted to, and we hold that he may, reply by setting up the occupation before the commencement of the six years as a counter set-off. Such, we think, was the legislative intent.

Judgment reversed, with instructions to sustain the demurrer to the first paragraph of the complaint.