Holzman *et al. v.* Hibben *et al.*

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the appellant's costs.

Filed Feb. 25, 1885.

No. 11,354.

HOLZMAN ET AL. *v.* HIBBEN ET AL.

PLEADING.—*Joint Demurrer.—Parties.*—A party against whom a cause of action is shown can not demur to the complaint because no cause of action is shown against some other defendant. And so, where there is a joint demurrer, and a cause of action is shown against any one of the parties demurring, the demurrer must be overruled.

PARTIES.—*Joint Interest of Plaintiffs.*—Where there are several plaintiffs, a joint interest in each and all of them must be shown, in order to a recovery.

DECEDENTS' ESTATES.—*When Heirs may Collect Debts.*—Where there is no administration, and there are no debts to pay, the heirs may collect the debts payable to their deceased ancestor.

COSTS.—*Postponement of Trial.—Judgment.*—A preliminary judgment against defendants on a motion to postpone trial to a day in term, for all the costs of the term, is erroneous. It should be only for the costs caused by the delay.

From the Fulton Circuit Court.

*J. S. Frazer, W. D. Frazer* and *J. S. Slick,* for appellants.
*M. L. Essick, G. W. Holman, C. Byfield, L. Howland* and *L. L. Norton,* for appellees.

FRANKLIN, C.—Appellees sued appellants on account for goods sold and delivered. A joint demurrer was overruled to the complaint, and appellants each filed a separate general denial. There was a trial by jury, verdict for the plaintiffs, and over a motion for a new trial judgment was rendered upon the verdict.

The errors assigned are, overruling the demurrer to the complaint, rendering judgment against appellants for all the costs of the term, and overruling the motion for a new trial.

The demurrer to the complaint is joint by all the defendants, and only for the cause of the want of sufficient facts stated.

The suit is by the plaintiffs as partners, and against the defendants as partners. The complaint avers that one member of the late firm of plaintiffs, since the commencement of the suit, had died, and by leave of the court the complaint had been amended by the substitution of his widow's name in the place of that of the deceased, averring that deceased had willed all his interest in the partnership accounts to such widow, and that all the partnership debts were paid.

The bill of particulars filed with the complaint, as an exhibit, and made a part thereof, is made out and stands against one of the defendants individually.

Under the demurrer, there are two objections presented to this complaint. The first is that the bill of particulars being only against one of the defendants, no cause of action is shown against the other defendants. The second is that no cause of action is shown in favor of one of the plaintiffs (the wife of the deceased partner). The demurrer, being joint by all the defendants, can not raise the first question presented. If in such case there is any cause of action shown against any one of the defendants, the demurrer must be overruled. In order to be available, in such cases, the demurrer must be separately by the defendants, or by the defendants jointly, against whom no cause of action is shown. The party against whom a cause of action is shown can not demur to the complaint because no cause of action is shown against some other defendant or defendants. There is no error in overruling the demurrer for this cause. See the following recent cases: *Rector* v. *Shirk,* 92 Ind. 31; *Campbell* v. *Martin,* 87 Ind. 577; *Axtel* v. *Chase,* 83 Ind. 546; *Carter* v. *Zenblin,* 68 Ind. 436. Many other cases to the same purport might be cited.

As to the second objection, that no cause of action is shown in one of the plaintiffs, the law is equally well settled by numerous decisions of this court, that under a demurrer stating for cause the want of sufficient facts, the defendants may take advantage of want of sufficient facts as to any one of the plaintiffs. The complaint, in order to constitute a good cause

of action, must show a joint interest and cause of action in each and all of the plaintiffs. The defendants can not be called upon to answer a complaint that only shows a cause of action in favor of a part of the plaintiffs. The payment of a judgment rendered in such a case would not be a payment to the persons justly entitled to receive the same, and would not be a bar to another suit by the parties who were rightfully entitled to collect the same. Hence the erroneously overruling of a demurrer to the complaint in such cases has invariably been held by this court as a good cause for reversing the judgment. We have found no case in this court in which the judgment for this cause was reversed, only as to the plaintiff in whom no cause of action was shown by the complaint. See the cases of *Thomas* v. *Irwin*, 90 Ind. 557; *Hyatt* v. *Cochran*, 85 Ind. 231; *Headrick* v. *Brattain*, 83 Ind. 188; *Martin* v. *Davis*, 82 Ind. 38; *Schee* v. *Wiseman*, 79 Ind. 389; *Nave* v. *Hadley*, 74 Ind. 155; *Harris* v. *Harris*, 61 Ind. 117; *Parker* v. *Small*, 58 Ind. 349; *Lipperd* v. *Edwards*, 39 Ind. 165; *Maple* v. *Beach*, 43 Ind. 51. Other similar cases might be cited.

It is also well settled that where there is no administration and no debts to pay, the heirs may collect the debts payable to their deceased ancestor. See the case of *Salter* v. *Salter*, 98 Ind. 522, and the authorities therein cited.

There is no allegation in the complaint under consideration, that there was no administration with the will annexed, or no executor upon the estate of the deceased partner; or that there were no debts against his estate, so as to authorize the legatee, the widow, to sue for a claim willed to her. There is no cause of action shown in such widow. For this reason the court erred in overruling the demurrer to the complaint.

We need not examine the reasons stated for a new trial. They are mostly based upon the rulings of the court in the introduction of, and offering to introduce evidence, and the instructions of the court to the jury. These questions will

not necessarily, and may not again arise upon a subsequent trial, and we therefore decide nothing in relation to them.

The preliminary judgment rendered against the defendants, upon the motion to postpone the trial to a day in term, for all the costs of that term, is erroneous, it should only have been for the costs caused by the delay. The preliminary judgment as to costs, and the final judgment should both be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment for costs on the motion to postpone the trial, and the final judgment in the case, be and the same are both reversed, at appellees' costs; and that the cause be remanded to the court below with instructions to set aside all the proceedings of the court below back to the ruling upon the demurrer, to sustain the demurrer to the complaint, and for further proceedings.

Filed Dec. 17, 1884. Modified Feb. 12, 1885.