Peters *et al. v.* Guthrie *et al.*

Filed May 11, 1889.

No. 13,395.

PETERS ET AL. *v.* GUTHRIE ET AL.

PLEADING.—*Complaint.—Theory.—Must be Good as to all Plaintiffs.*—A complaint must proceed upon some definite theory, and must state facts sufficient to constitute a good cause of action in favor of all who join as plaintiffs, upon the theory on which it proceeds.

SHERIFF'S SALE.—*Invalidity of.—Setting Aside Satisfaction of Judgment.—Re-Sale.—Parties.—Complaint.*—The grantee of a purchaser at a sheriff's sale, which is void because of a failure to observe the appraisement law, has no cause of action, as against those claiming the real estate, to set aside

the satisfaction of the judgment and subject the property to re-sale or to redeem from an alleged illegal tax sale, and a joint complaint for that purpose by him and his grantor, who is the owner of the judgment, is bad.

From the Cass Circuit Court.

*G. E. Ross,* for appellants.

*D. P. Baldwin,* for appellees.

MITCHELL, J.—This was a suit by Alexander S. Guthrie and Henry J. Banta against Abraham Peters, Catharine Peters and Margaret Sheehan, to set aside the satisfaction of a judgment and for leave to re-sell certain real estate in pursuance of a decree of foreclosure.

The complaint shows that Guthrie had become the owner, by assignment, of a judgment and decree foreclosing a mortgage which had theretofore been executed upon three lots in the city of Logansport, owned by Catharine and Abraham Peters. The lots were sold, pursuant to the decree, to Guthrie, who bid therefor the amount of the judgment and costs, which were duly satisfied and cancelled of record, the purchaser receiving a sheriff's deed in due course. Afterwards Guthrie sold and conveyed one of the lots to Henry J. Banta. It was subsequently discovered that the foreclosure sale was invalid and void, because the judgment and decree were subject to the valuation and appraisement laws, and the sale had been made without first causing the land to be appraised according to the statute in such cases made and provided. It also appeared that Margaret Sheehan had obtained and was then holding a tax deed covering the three lots, which deed was alleged to be invalid and void for reasons stated in the complaint. Mrs. Sheehan and the Peters remained in possession of the property. The plaintiffs offered to redeem from the tax sale and asked to have Mrs. Sheehan's deed avoided.

The question presented upon the complaint is, whether or not the facts stated show a good cause of action in favor of Guthrie and Banta.

It is settled beyond controversy that a complaint must proceed upon some definite theory, and that it must state facts sufficient to constitute a good cause of action in favor of all those who join as plaintiffs, upon the theory on which it proceeds. *Brown* v. *Critchell,* 110 Ind. 31; *Chicago, etc., R. R. Co.* v. *Bills,* 104 Ind. 13; *Hyatt* v. *Cochran,* 85 Ind. 231, and cases cited; *Faulkner* v. *Brigel,* 101 Ind. 329; *Home Ins. Co.* v. *Gilman,* 112 Ind. 7.

A complaint must be good as to all the plaintiffs, or it is not sufficient as to any. *Brumfield* v. *Drook,* 101 Ind. 190; *Holzman* v. *Hibben,* 100 Ind. 338. An exception to this rule occurs when a husband, as such, joins as plaintiff in an action brought by the wife for injuries to her person or character. *Roller* v. *Blair,* 96 Ind. 203; *Ohio, etc., R. W. Co.* v. *Cosby,* 107 Ind. 32.

The complaint in the case under consideration proceeds upon the theory that the sale of the three lots covered by the decree, which were owned by Guthrie, was void because the sheriff failed to have the land appraised according to the requirements of the statute (*Fletcher* v. *Holmes,* 25 Ind. 458), and that hence the cancellation and satisfaction resulting from the sale, and theretofore entered, ought to be set aside. Adopting the plaintiffs' theory, the most that can be said of the complaint is, that it shows a right of action in Guthrie to have his decree and judgment reinstated to the position it occupied before the abortive sale, and for an order authorizing him to re-sell the land. Upon the theory of the complaint, neither Guthrie nor Banta had any title or ownership in the lots. Guthrie simply had an unsatisfied decree of foreclosure. Banta had taken a conveyance of one of the lots from Guthrie, who confessedly had nothing to convey, his title upon his theory being void. The conveyance by Guthrie of one of the lots to Banta invested the latter with no interest whatever in the decree and judgment, which was owned entirely by the former, and as the decree was the only foundation upon which either could build a right of action

against those claiming the property, it results that Banta was entirely destitute of anything upon which to base an action, either in respect to the cancellation prayed for, or the right to redeem from the alleged illegal tax sales. The complaint was, therefore, insufficient on demurrer, for the reason that it stated no cause of action of any kind in favor of Banta.

Judgment reversed, with costs.

Filed March 14, 1889; petition for a rehearing overruled May 11, 1889.