## COLVILLE *vs.* BESLY and others.

A party entitled to rescind a contract on account of failure of consideration or non-performance by the other party must, in order to enable him to bring a general action for money which he has paid on account of it, restore or tender what he has received in part performance.

But where the thing delivered as part performance was not what was contracted for, but a different thing, he may bring such action without a re-delivery or tender of what was so delivered.

Accordingly where the defendant had sold and agreed to deliver to the plaintiff a promissory note held by the defendant as endorsee, the makers of which had been discharged under the bankrupt act, but the endorser upon which was liable, and the defendant after the contract settled the note with the endorser and *cancelled the endorsement* and then sent the note to the plaintiff; *held* that the latter could maintain assumpsit for money had and received to recover what he had paid on account of the contract, without returning or offering to return the note.

The plaintiff gave the defendant a negotiable note, which the latter transferred to a *bona fide* holder; *held*, that the plaintiff, who had become entitled to rescind the contract on account of which the note was given, could recover from the defendant the amount of it in an action for money had and received.

ASSUMPSIT for money had and received, tried at the Chautauque circuit in July, 1844, before DAYTON, C. Judge.

The defendants were merchants in the city of New-York, and at the time of the transactions hereafter referred to were the holders of two promissory notes dated 17th September, 1841, for the payment of $564,72 each, made by Nelson & Caven and endorsed by William J. Nelson and payable respectively at eight and nine months from date. They were given for goods sold by the defendants to the makers, who soon after failed and assigned their property amounting to about $3000 to W. J. Nelson to secure him for his endorsement of these notes and of another note for $300, and they afterwards applied for and obtained discharges under the bankrupt act of the United States. About the 6th of March, 1843, Besly, one of the defendants, came to Cattaraugus county where the makers and endorser resided, and applied to J. Nelson, one of the makers, respecting the demand, at whose suggestion the plaintiff offered to purchase

the two notes, for which he proposed to give his own note on time for six hundred dollars. Besly asked a larger sum which was declined, and the parties separated; but the plaintiff on the suggestion of another person that Besly might ultimately come to his terms, made and left his note payable to the defendants for $600 at six months with J. Nelson, and instructed him to let Besly have it upon his signing a receipt which the plaintiff drew up and also left with Nelson, which acknowledged the receipt of the note for $600 and contained an agreement to transmit him the two notes as soon as he, Besly, returned to New York. Besly renewed the negotiation with J. Nelson a day or two afterwards and sought to obtain the plaintiff's note on other terms than those which were contained in the receipt, which was shown him; and finally induced Nelson to deliver it to him, upon his signing in the name of the defendants a paper acknowledging that he had received the plaintiff's note from Nelson and had also received a conditional agreement from B. Chamberlain to pay $200 more " in compromise of the notes held by [the defendants, which were described] which notes are to be sent to J. Nelson immediately on the return of O. Besly to New-York." This agreement is dated March 10th, 1843. Nelson was to deliver the two notes to the plaintiff when he should receive them.

The foregoing is the account given by J. Nelson, who was a witness for the plaintiff, of the negotiation by means of which the defendants obtained the plaintiff's note. A witness for the defendants who was present at some of the interviews, understood that the attempt was to compromise the notes of Nelson & Caven for the purpose of relieving the endorser, and not to purchase them.

W. J. Nelson, the endorser, was absent in Europe or on his way home, when this transaction took place in Cattaraugus county. He arrived at the city of New-York on his return voyage in March, 1843, just after Besly had returned from the west. The defendants immediately commenced a suit against him as endorser on these notes, after which he had an interview with them in which, according to his testimony, they denied having

made any arrangement of the notes and concealed what had been done in Cattaraugus county; though the defendants' attorney who was present swore that the fact was stated that Besly had obtained "security" on the two notes to the amount of $600. Nelson, the endorser, on that occasion turned out to the defendants scrip for stock in the New-York and Erie rail-road, valued at $1000, in discharge of his liability as endorser on the two notes and to settle the suit, and the endorsements were cancelled by erasing the name of the endorser with a pen. The defendants then sent the notes thus mutilated to J. Nelson in a letter, dated the 24th March, 1843, and he immediately delivered them to the plaintiff, together with the receipt executed by Besly in the name of the defendants. After this, but at what time particularly does not appear, the plaintiff was in New-York and there demanded of Besly his note which the defendants had thus obtained, who said he had not got it, that he had disposed of it and had got his pay for it.

The defendants' counsel moved for a nonsuit, which was denied. He ultimately insisted upon the following points which he desired the judge to affirm in his charge. (1) That the arrangement made between Besly in behalf of the defendants and Nelson, upon which the plaintiff's note was obtained, was valid and binding upon the plaintiff, not being, as he insisted, substantially variant from that which the plaintiff authorized Nelson to make: (2) That if the plaintiff was entitled to regard the note as improperly obtained by Besly from Nelson, or to rescind the contract because the two notes were not promptly sent to him unchanged in respect to the endorser's liability, he ought to have acted promptly on that view of the case and to have disavowed the acts of J. Nelson, and to have returned the two notes to the defendants as soon as he received them; that by omitting to do so he had elected to be bound by the contract, and that at all events he was precluded from maintaining this action upon the common counts, because he had not restored the two notes which he had received on account of the contract; but if entitled to recover at all he should have declared specially for a breach of the agreement. He claimed

that the judge ought to determine as matter of law that the plaintiff was too late in electing to consider the contract rescinded by the non-performance of the defendants.

The judge charged the jury that the suit could only be maintained on the ground of the disaffirmance or the recision of the contract, and that to authorize a recovery the jury must find that the two notes when sent to the plaintiff were without value. The other matters were submitted to the jury as questions of fact upon the evidence. Verdict for the plaintiff for $650,16. The defendants move for a new trial on a case.

*N. Hill Jr.*, for the plaintiff.

*J. L. White*, for the defendants.

*By the Court*, JEWETT, J. This is an action for money had and received by the defendants to the use of the plaintiff. It is denominated an equitable action, and is less restricted by technical rules than most others. It aims at the mere justice of the case, and looks entirely to the question whether the defendants hold money which in equity and good conscience belongs to the plaintiff. It is an appropriate action to recover back money paid upon a consideration which happens to fail; as where money has been paid by one party in contemplation of some act to be done by the other, which is the consideration of the payment, and the thing stipulated to be done is not performed. (*Wheeler* v. *Board*, 12 *John. Rep.* 363; *Chit. on Cont. ed.* 1842, 622; *Rew* v. *Barber*, 3 *Cowen*, 280.)

That the consideration for which the plaintiff made and delivered his note for six hundred dollars to the defendants has wholly failed, there is not, as I think, the least room to doubt. In consideration of receiving that note the defendants agreed to sell the plaintiff the two notes held by them, and on the return of Besly to New-York immediately to transmit them to the plaintiff. The defendants instead of performing their undertaking, after it had been made claimed the interest in the notes and actually sued W. J. Nelson as the endorser of them; and in

consideration of his assigning to them certain rail-road stock valued at $1000, discharged him from his liability as endorser by erasing his name from the notes; and then, having waited nearly two weeks from the time of making the agreement transmitted the notes through the mail to the plaintiff, the endorsements being thus cancelled. The notes sent were not the notes purchased by the plaintiff. As well might the defendants say that sending the plaintiff any other notes against Nelson & Caven or indeed against any other persons, would be a performance of their undertaking.

In my opinion the sending these notes to the plaintiff did not cast upon him the necessity of returning or offering them to the defendants as upon a recision of a contract, to entitle him to this action to recover the consideration which he had paid. If sending these notes with the cancelled endorsements was an act in part performance of their contract with the plaintiff, then on their failure to perform the remainder of that agreement, the plaintiff could not sustain the action for money had and received until he returned or offered to return the notes thus sent to him. (*Thornton* v. *Wynn*, 12 *Wheat. R.* 189; *Chit. on Contr.* 741.)

It was proved that the defendants had sold the plaintiff's note and received pay for it; and as no question was made on the trial, but that it had been transferred to an innocent holder, before maturity and before this suit was brought, so as to entitle such holder to recover against the plaintiff, such facts may be here properly assumed. The question then arises whether the giving of the note by the plaintiff to the defendants and their transfer of it to a *bona fide* holder for value paid to them before this suit was brought was equivalent to the payment of money? This question is not free from difficulty. I do not find that the precise point has been decided by this court. It was *considered* by Savage, Ch. J. in *Reed* v. *Van Ostrand*, (1 *Wend.* 424,) though the question was not directly involved in the case. The question there was, whether the maker of several promissory notes negotiable in terms, given for the purchase money of a patent right to which the purchaser got no title, could sustain an action against the payee as for money had and received, the

notes not having been paid by the maker or transferred by the payee, the vendor of the patent. It was held that as between maker and payee, the giving of a note was not the payment of money, which would authorize a recovery in that action on failure of the consideration. The chief justice said, that " had the notes in question been given to a third person in payment and discharge of a debt due by the defendants to such third person, then the case would have come within the previous decisions." He added, that if one of the notes which fell due before the suit was brought "had been transferred and paid, or *even transferred to an innocent endorsee,* before suit brought, there would be a strong analogy to decided cases." The case at bar in this branch of it is precisely that suggested by the learned chief justice, and it seems to me that the distinction suggested is striking and sound, and that in the cases supposed by him the action for money had and received will lie, where the consideration of the note so given to a third person or transferred to an innocent holder has failed. The case of *Chapman* v. *Shaw,* (5 *Greenl. Rep.* 59,) is in some of its features like the one at bar. There a note had been made by the plaintiff to the defendant payable in twelve months as the consideration for a written engagement of the defendant to convey certain goods to the plaintiff at a future day, which note the defendant forthwith endorsed and sold for its amount in money, after which the original contract was rescinded. It was held that the maker, the plaintiff, might recover the amount of the payee, the defendant, though the twelve months had not elapsed. Some stress, however, was placed by the court on the fact that the defendant had repeatedly said the plaintiff's claim was just.

Upon the whole, I am of opinion that the action was sustained.

New trial denied.