(4 Misc. Rep. 312.)

## CONWAY v. CONWAY et al.

(Supreme Court, Special Term, Monroe County. July 17, 1893.)

MONEY LOST BY AGENT IN GAMING—ACTION BY PRINCIPAL.

Where an agent loses money belonging to his principal in games of chance, the principal may recover the money from the winners thereof, though the case is not within 1 Rev. St. p. 662, providing for a recovery by "any person who shall, by playing at any game, or by betting, * * * lose, at any time or sitting, the sum of $25 or upwards."

Action by Mary Conway against Peter Conway and others. Defendant demurs to complaint, on the ground that it does not state facts sufficient to constitute a cause of action. Overruled.

Jacob Spahn, for plaintiff.
Frederick W. Smith, for defendants.

ADAMS, J. This is one of four actions brought by the plaintiff to recover back moneys lost at gaming by the defendant Peter Conway. The parties defendant are not the same in each action, nor are the facts, but the same question of law is presented in each, and the disposition of that question is necessarily decisive of all four actions. The facts which, by reason of defendants' demurrer, stand admitted, briefly stated, are as follows: The defendant Peter Conway was the agent of the plaintiff, and, as such, sold certain articles of produce belonging to his principal. Instead of turning over the avails to her, he lost the same, or portions thereof, to his codefendants in games of chance. In two of the actions his money was wagered upon a horse race, and in the remaining two upon a game of chance, known as "faro," and herein lies the distinction in the facts of the several actions, before adverted to. The actions are brought to recover back the moneys thus lost, and are in form as for money had and received.

The demurrer rests upon the contention that the complaint does not state facts sufficient to constitute a cause of action, and the defendants' counsel evidently labors under the impression that the actions are brought under the statute relative to "betting and gaming," (1 Rev. St. p. 662,) and that the plaintiff can have no standing in court unless she brings her case within the provisions of that statute. In my opinion, the learned counsel has misinterpreted the scope and meaning of the statute in question, or, to be more accurate in statement, he does not correctly apprehend its relation to parties situated as is the plaintiff in these actions. That statute was obviously designed to confer upon one who had lost money at gaming or betting a right of action which did not exist at the common law. This was so, not because the winner obtained any legal title to the money won, for, at common law, gambling was just as unlawful and unconscionable a mode of procuring a livelihood as it is under the statute, but because the loser was "in pari delicto," and therefore not entitled to the protection of the court, (Meech v. Stoner, 19 N. Y. 26;) and the new right which is thus conferred is designed not so much for the protec-

tion of one who loses his money at games of chance as it is to furnish an additional means for the prevention or discouragement of gambling. But these actions are not brought under the statute referred to. Indeed, they are quite independent of that statute, and it may be assumed that, if plaintiff's only right rested upon its provisions, the defendants would be fully justified in insisting that no cause of action is stated, for it is quite certain that, although her money was lost at gaming by her agent, she cannot, in the language of the statute above cited, be said to be "any person who shall, by playing at any game or betting, * * * lose, at any time or sitting, the sum of twenty-five dollars or upwards." As has been stated, the actions are for money had and received, and the question presented, therefore, is simply, to whom does such money ex aequo et bono belong? Buel v. Boughton, 2 Denio, 91. The actions are equitable in their nature. They "aim at the mere justice of the case, and look entirely to the question whether the defendants hold money which, in equity and good conscience, belongs to the plaintiff." Colville v. Besly, 2 Denio, 139, 142. It is conceded that the money in question, before it was lost, did belong to the plaintiff, and that, without the slightest consideration passing to her, and without fault on her part, but by means which are in contravention of both the moral and civil law, it has come into the hands of the defendants other than the defendant Peter Conway. This being the case, it scarcely requires the citation of authorities to show that defendants' title is not founded "in justice and honesty," but that, on the contrary, they are in possession of moneys which, by every principle of equity and morality, belong to some one else, and, this being so, the authorities are abundant to support the plaintiff's cause of action. Caussidere v. Beers, 1 Abb. Dec. 333; Long v. Bussell, 13 N. Y. Super. Ct. R. 434, affirmed 83 N. Y. 606; Fagnan v. Knox, 66 N. Y. 525, 532; Dows v. Kidder, 84 N. Y. 121; Mason v. Waite, 17 Mass. 563; U. S. v. State Bank, 96 U. S. 30. The demurrer in each action is overruled, with leave to answer upon the usual terms.