Ervin *et al. v.* The State, *ex rel.* Walley.

---

ERVIN ET AL. *v.* THE STATE, EX REL. WALLEY.

[No. 17,608.   Filed Nov. 19, 1897.   Rehearing denied April 21, 1898.]

GAMING.—*Lost Money.*—*Recovery.*—Section 6678, Burns' R. S. 1894
(4953, R. S. 1881), providing that money or anything of value lost by
betting on any game may be recovered in an action by the State for
the benefit of the wife or minor children of the person losing same
upon the failure of the person losing the same to institute an action
for the recovery thereof as in the preceding section provided, is not
in conflict with section 21, article 1, of the State constitution, that
"no man's property shall be taken without just compensation," as
such property is lost to him by his failure to sue to recover it with-
in six months, as in the statute provided for the recovery thereof.
*pp. 334-336.*

SAME.—*Lost Money.*—*Recovery.*—*Parties.*—An action for the recov-
ery of money, lost at gaming, for the benefit of the wife of the loser,
under the provision of section 6678, Burns' R. S. 1894 (4953, R. S.
1881), may be maintained in the name of the State for the benefit
of the wife, notwithstanding the provision of section 251, Burns'
R. S. 1894 (251, R. S. 1881), that "every action must be prosecuted
in the name of the real party in interest, except as otherwise pro-
vided in the next section," the next section providing that "an
executor, administrator, a trustee of an express trust, or a person
expressly authorized by statute, may sue without joining with him
the person for whose benefit the action is prosecuted," as the State
is within the meaning of the word "person" as used in such last
section. *pp. 336, 337.*

SAME.—*Recovery by State.*—*When Action Commenced.*—The action

provided by section 6678, Burns' R. S. 1894 (4953, R. S. 1881), for the recovery by the State of money lost at gaming for the benefit of the wife of the loser does not accrue until six months thereafter, or until the loser's right of action expires, as provided by the preceding section. *pp. 337-340.*

JUDICIAL NOTICE.— *Pleading.* — *Not Necessary to Plead Statute.* — Courts take judicial cognizance of the statutes of the State, and it is not necessary in an action founded upon a statute to state in the complaint that the action is founded upon a certain statute by referring to it by title and date of passage, when the facts stated are sufficient to enable the court to know that the action was founded upon the statute. *p. 340.*

GAMING.— *Recovery of Lost Money.*— *Complaint.*— *Sufficiency.* — A complaint in an action by the State to recover for the loser's wife money lost at gaming, which avers "that the defendants are * * * indebted to plaintiff for the use and benefit of Nellie A. Walley, the sum of $6,000.00, * * * lost by William A. Walley to the defendants at gaming by betting and wagering upon the game at cards known as faro, * * * and had and received by the defendants for the use and benefit of one William A. Walley, * * * the husband," etc., sufficiently alleges that the money lost was paid to the defendants within the meaning of the provision of section 6677, Burns' R. S. 1894 (4952, R. S. 1881), that in such action it shall be sufficient for the plaintiff to allege that the defendant has received, for the plaintiff's use the money so lost and paid. *pp. 340, 341.*

SAME.—*Recovery of Lost Money.*—*Parties.*—An action to recover for the loser's wife money lost at gaming, must be brought in the name of the State, and the wife is not a proper party plaintiff, and does not become a party plaintiff by being named as relator. *pp. 341, 342.*

SAME.—*Recovery of Lost Money.*—*When Money Belonged to Wife of Loser.*—An action cannot be maintained under sections 6676-6678, Burns' R. S. 1894 (4951-4953, R. S. 1881), for the recovery of the wife's money gambled away by her husband without her knowledge or consent, as she would have an action at common law against the winner as a trustee *de son tort* for the recovery thereof. *pp. 342-345.*

PRACTICE.—*Harmless Error.*—*Overruling Demurrer to Bad Pleading.* —It is harmless error to overrule a demurrer to a paragraph of complaint which fails to state a cause of action, where it affirmatively appears that the verdict and judgment rested upon other paragraphs of the complaint. *pp. 346, 347.*

SAME.—*Overruling Demurrer to Bad Pleading.*—*Reversal of Judgment.*—The provision of section 348, Burns' R. S. 1894 (345, R. S. 1881), that "no objection taken by demurrer and overruled shall be sufficient to reverse the judgment, if it appear from the whole record that the merits of the cause have been fairly determined," has

no application to a cause where the record fails to show that the ruling on the demurrer was harmless.  *pp. 346, 347.*

From the Delaware Circuit Court.   *Reversed.*

*J. W. Ryan, W. A. Thompson* and *Warner & Brady,* for appellants.

*M. E. Forkner, J. G. Leffler* and *James N. Templer & Son,* for appellee.

McCABE, C. J.—The appellee sued the appellants to recover money alleged to have been lost by William A. Walley, the relator's husband, to the appellees by betting on a game called faro, under sections 6676, 6678, Burns' R. S. 1894 (4951, 4953, R. S. 1881.)   The complaint was in five paragraphs, and the court overruled a several demurrer by the defendants to each paragraph for want of sufficient facts, and that the plaintiff had no capacity to sue.

A trial of the issues resulted in a verdict and judgment for $5,414.50 over appellants' several and joint motions for a new trial.   The court also overruled appellants' motion to modify the judgment.

The errors assigned call in question these several rulings, and also call in question the sufficiency of the complaint.

The first question presented in support of the alleged insufficiency of each paragraph of the complaint is, that the statute on which the action is founded is unconstitutional.   If this charge against the statute is true the people of the State are a little late in discovering it, because the statute has been substantially in force for over half a century, and has been several times under consideration by this court in actions founded on it appealed here.   The second section of the act, as its sections are numbered in the revision of 1852, being section 6676, Burns' R. S. 1894 (4951, R. S. 1881), reads thus: "If any person by bet-

ting on any game, or betting on the hands or sides of such as play at any game, shall lose to any one any money, or valuable thing, and shall pay or deliver the same, or any part thereof, the person so losing and paying, or delivering the same, may, within six months next following, recover the money or other valuable thing so lost and paid or delivered, or any part thereof, with costs of suit, by action founded on this act, to be prosecuted in any court having jurisdiction thereof."

The fourth section, old number, being section 6678, Burns' R. S. 1894 (4953, R. S. 1881), reads thus: "In case the party so losing such money or other thing aforesaid shall not, within the time aforesaid, *bona fide* sue and with effect prosecute for the money or thing so lost and paid or delivered, it shall be the duty of the prosecuting attorney, on information filed with him by such action as aforesaid, to sue for and recover the same in the name of the State, with costs of suit, against any such winner, for the benefit of the wife or minor children, or either of them, if living, in the order herein named, of the person losing the same; and in case there shall be no such wife or minor children, then for the benefit of the common schools."

It is contended that this statute authorizes the property of one man to be taken by the courts and conferred on another. It is contended that in case the loser fails to prosecute and recover the lost money, it then becomes the property of the winner, and that it cannot be taken from him and given to the wife or children of the loser or to the common schools, without just compensation. That the statute, in so far as it authorizes a recovery for the benefit of the wife, children, or common schools, violates section 21 of article 1 of the State constitution, providing that "no man's property shall be taken without just compensation." Section 66, Burns' R. S. 1894 (66, R. S. 1881).

But appellants' counsel are in error in supposing that title to money or property lost at gaming ever vests in the winner.   It is true, without the aid of this statute, the loser cannot recover back money or other property which has been paid or delivered on gambling contracts or a bet, because it was so lost in a transaction which is in violation of the criminal law of the State, and, the parties being *in pari delicto*, the law will not aid either of them.   8 Am. and Eng. Ency. of Law, 1021, and notes.   Most, if not all, the states have statutes of a similar character, and none of them have ever been held unconstitutional.   8 Am. and Eng. Ency. of Law, *supra.*

It is also contended that the loser has a title to the lost money or property, and to take it from him and confer it on his wife or children, would be taking his property without just compensation, in violation of the constitutional provision mentioned.   But it is not true that it takes his property without compensation. He has lost his property, and it has passed beyond his reach by his failure to sue to recover it within six months.   Nor do we think there is any just or reasonable ground for holding the statute unconstitutional.

It is next contended that the demurrers ought to have been sustained because the action is not prosecuted in the name of the real party in interest, namely, Nellie A. Walley, but is prosecuted in the name of the State.   It is conceded that the statute on which the action is founded authorizes the prosecution of the action in the name of the State for the benefit of the wife of the loser, under certain circumstances, but it is contended that such statute was passed prior to the code, and that the code makes a different provision in relation thereto, and must be deemed the last expression of the legislative will, and controlling in this

respect.  Conceding, without deciding, that such was the order of passage of the two statutes, and that the last act would have the effect to modify the first in so far as inconsistent therewith, we do not think that there was any such inconsistency.  Section 251, Burns' R. S. 1894 (251, R. S. 1881), provides that:  "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in the next section."  The next section provides that:  "An executor, administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is prosecuted."  The State is authorized by the statute in question to sue for the benefit of another, and the State is within the meaning of the last section of the code, if the word "person" as used therein, may be held to include the State.

Among the rules for the construction of the code, it is provided in section 1309, Burns' R. S. 1894 (1285, R. S. 1881), that:  "The word 'person' extends to bodies politic and corporate."  Webster defines the words "body politic" to be "The collective body of a nation or state as politically organized, or as exercising political functions; also a corporation."

Therefore, we hold that the code does not require the action to be brought in the name of the real party in interest, where, as here, a person, the State, is expressly authorized by statute to sue without joining the person for whose benefit the action is prosecuted.

The next ground taken against the sufficiency of the several paragraphs of the complaint is, that each paragraph shows that more than six months had elapsed since the money sued for had been lost at the commencement of the action.  It is contended on behalf of appellants that the action, the right of which is

created by the statute, must be commenced within six months next following the losing and paying or delivering the money or other valuable thing, and that after such six months expires the right of action is gone, not only as to the loser, but as to the State as well.

It is undoubtedly true that the right of action in the loser is gone at the expiration of six months next after the payment or delivery of the thing lost, by the express terms of the statute. But it is not so as to the State. The State's right of action on the statute never accrues until the loser's right thereto expires. And his right does not expire until six months after the payment or delivery of the thing lost in the bet, or on the game. The State cannot begin the action as long as the loser has the right to sue, and that right continues.in the loser until the last moment of the six months has expired. Then, and not till then, does the right to sue accrue to the State. "In case the loser shall not within the time aforesaid (which is six months) *bona fide* sue, etc., it shall be the duty of the prosecuting attorney on information filed by such action as aforesaid to sue," etc. Appellants contend that the words "such action as aforesaid" refer to the action authorized by the first section above quoted to be prosecuted by the loser, and that the second section quoted means to clothe the State with the same right of action created by the previous section in the loser, and that right by the express terms of the section subsisted only six months next following the payment or delivery of the money or other valuable thing so lost by a bet on a game. Undoubtedly the words 'by such action as aforesaid' refer to the action the right to which is created in the previous section in favor of the loser. It is sufficiently clear to leave no doubt that the same right of action thus created in

the loser should at some time pass from him and vest in the State for the benefit of the wife and children, or, if there be no wife or children, the common schools, in the order named. But it could not have been intended to confer on and vest in the State the identical right of action first vested in the loser, both in form and substance. Because that would have required the action to have been brought by and in the name of the State as well as that in the name of the loser, within six months next following the payment or delivery of the money or thing lost. That would bring the statute into contradiction of itself. Because it provides that on failure of the loser to sue for six months the action may be brought in the name of the State for the benefit of others. Appellants' contention would result in making it mean that the action must not be brought in the name of the State at all for the benefit of others, but must be brought only in the name of the loser, and not for the benefit of others. That construction would result in making the statute mean that the right of action was created in the loser and in the State separately, to continue in each separately for six months. And, if that is true, each could recover during that period the whole of the lost money. Such a construction would make nonsense of the statute.

The true construction of the statute is that at the expiration of the six months the right of action, created in the loser, if he shall not sue within that time, passes to and vests in the State for the benefit of the wife, etc. It does not mean that the identical form of action shall be vested in the State, but the substance thereof passes to and vests in the State to the right to recover the money or thing lost. It does not mean that it shall be brought in six months, nor that it shall be brought by or in the name of the loser, nor

for his benefit, all of which would be true if the words "it shall be the duty of the prosecuting attorney * * * by such action aforesaid to sue," etc., mean the identical action first vested in the loser.

It is also contended that the failure of each paragraph of the complaint to state that the action was founded on the statute, referring to it by title and date of passage, rendering them bad on demurrer. The statute being a public statute the courts are bound to take judicial cognizance thereof without pleading it. And the facts stated in each paragraph of complaint were sufficient to enable the court to know that the action was founded on the statute.

It is further contended that none of the paragraphs are good, because no one of them alleges that the money lost was paid to any of the defendants. The third paragraph on this point states "that the defendants are * * * indebted to the plaintiff for the use and benefit of Nellie A. Walley * * * in the sum of $6,000.00 * * * lost by William A. Walley to the defendants at gaming by betting and wagering upon the game at cards known as faro * * * and had and received by the defendants for the use and benefit of one William A. Walley, * * * the husband," etc. We are inclined to think this language is sufficient to convey the meaning that the money had been paid in compliance with the provisions of the section first quoted, requiring, as one of the conditions upon which the right of action is conferred, that the loser "shall pay or deliver the same" the money, etc. But, if it be not sufficient, the section next following the one creating the right of action in the loser, being the third, old number, section 6677, Burns' R. S. 1894 (4952, R. S. 1881), reads as follows: "In such action, it shall be sufficient for the plaintiff to allege that the defendant has received, for the

plaintiff's use, the money so lost and paid, or that he has converted the goods won of the plaintiff to his the defendant's use, without setting forth the special matter."

While this section primarily applies to the complaint to be filed by the loser, yet it seems clear that the legislature must have intended it to apply in so far as it could be made applicable to the action when brought by the State. There seems no reason why the allegation as to the payment of the money by the loser to the winner should not be the same in both actions provided for.

The other paragraphs, as to this point, are as good as the third, from which we have quoted, and as to that objection we think they are all sufficient, at least, by the aid of the section of the statute last quoted.

It is further contended that the State alone is the only proper party plaintiff, where, as here, the action is brought for the benefit of the wife of the loser. The statute quoted requires the action in such cases as this to be brought in the name of the State. That means that the State must be the plaintiff. It requires no relator. *Shane* v. *Francis*, 30 Ind. 92. But the action here is brought in the name of the State as plaintiff. The relator is not a party plaintiff, but is simply a relator. If she becomes a party plaintiff by being named as a relator, it would make the complaint bad in every paragraph for want of sufficient facts. This is so, because the right of action is not vested in her by the statute; and it has been long settled in this court that a complaint by several plaintiffs that fails to state a cause of action in favor of any one or more of them is bad on demurrer for want of sufficient facts as to all of them so joined. *Nave* v. *Hadley*, 74 Ind. 155; *Schee* v. *Wiseman*, 79 Ind. 389;

*Ætna Ins. Co.* v. *Kittles,* 81 Ind. 96; *Headrick* v. *Brattain,* 83 Ind. 188; *Thomas* v. *Irwin,* 90 Ind. 557; *Field* v. *Holzman,* 93 Ind. 205; *Jones* v. *Cardwell,* 98 Ind. 331; *Holzman* v. *Hibben,* 100 Ind. 338; *Brumfield* v. *Drook,* 101 Ind. 190; *Ohio, etc., R. W. Co.* v. *Cosby,* 107 Ind. 32; *Brown* v. *Critchell,* 110 Ind. 31; *Peters* v. *Guthrie,* 119 Ind. 44; *Kelley* v. *Adams,* 120 Ind. 340; *Pfister* v. *Gerwig,* 122 Ind. 567; *Renihan* v. *Wright,* 125 Ind. 536; *Lake Erie, etc., R. R. Co.* v. *Priest,* 131 Ind. 413. But the naming of the relator not having the effect of making her a party plaintiff, the State is the sole party plaintiff, and the action was prosecuted in its name as plaintiff. Hence that part of the complaint naming Nellie A. Walley as relator is mere surplusage and does not vitiate the complaint.

It is also contended that the fourth paragraph of the complaint is bad on demurrer for want of sufficient facts, because it alleges "that the $6,000.00 of money so lost by the said William A. Walley was then and there the personal property of and belonged to the said Nellie Walley, * * * the same being at the several times it was wagered, lost and paid, as aforesaid, in the possession of the said William A. Walley, her husband, as her trustee."

The action authorized by the statute under consideration is one that could not be maintained at common law. Because of the parties to the bet being *in pari delicto* the common law would leave them where they had placed themselves. *Woodcock* v. *McQueen,* 11 Ind. 14; *M'Hatton* v. *Bates,* 4 Blackf. 63. Nor would the action lie at common law to recover the money in the name of the State, or anybody else, for the benefit of the wife or children of the loser, nor for the benefit of the common schools. In other words, the legislature in passing the statute intended to create a new

right of action that had no existence at common law, and such a right of action as could rest alone upon the statute. The statute, nor any part thereof, cannot be applied to aid or help a cause of action the right to maintain and prosecute which existed at common law independent of and without the statute.

If the money, as alleged in the fourth paragraph, was the personal property of Nellie A. Walley, and her husband had possession of it as her trustee, he had no right to gamble it away. "It is now a universal rule that all those who take under the trustee, except purchasers for a valuable consideration without notice, take subject to the trust." 1 Perry on Trusts, section 346. The winner of her money became her trustee therefor, and liable to account and pay over the same to her. 2 Perry on Trusts, section 828. Having received the money in violation of law and without any consideration, he became a trustee *de son tort*, and liable to a suit by the *cestui que trust* to recover the money. 1 Perry on Trusts, section 245. To the same effect are *McFadden* v. *Wilson*, 96 Ind. 253; *Causidere* v. *Beers*, 1 Abbott's App. Dec. (N. Y.), 333; *Mason* v. *Waite*, 17 Mass. 560; *Doyle* v. *McIntyre*, 71 Ga. 673; *Corner* v. *Pendleton*, 8 Md. 337; *Burnham* v. *Fisher*, 25 Vt. 514; *Pierson* v. *Fuhrman*, 1 Colo. App. 187, 27 Pac. 1015; *Conway* v. *Conway*, 24 N. Y. Supp. 261; *McAllister* v. *Oberne*, 42 Ill. App. 287.

It therefore clearly appears that the statute in question does not provide for the recovery of the wife's money gambled away by her husband, either in the name of the State as plaintiff, or in any other name, because she already had the right to recover it in her own name. Though she was a married woman, whose husband was still living, the statute empowered her to sue alone. It provides that : "A married woman may sue alone—First. When the action con-

cerns her separate property." Section 255, Burns' R. S. 1894 (254, R. S. 1881). The allegations of the paragraph show that the money was her separate property, and this court has held correctly that she may sue concerning it alone, without joining her husband. *Mills* v. *Winter*, 94 Ind. 329.

Another section of the code already referred to, goes further than to confer upon her permissive authority to sue in her own name, but imperatively requires, as we have seen, that "every action must be prosecuted in the name of the real party in interest, except as otherwise provided in the next section." And the next section, as already observed, provides that "a person expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is prosecuted." Sections 251, 252, Burns' R. S. 1894 (251, 252, R. S. 1881). But we have already seen that the statute on which this action is founded does not authorize the State or any other person to sue for the benefit of the owner of money gambled away by the trustee of the owner.

But, going beyond the briefs on either side, it may be said that there is no allegation in the fourth paragraph that Nellie A. Walley's money was gambled away by her husband and trustee without her knowledge and consent, and hence it may be urged that as there is nothing in the paragraph negativing such knowledge, consent, or direction, the transaction may be regarded as one in which she was *particeps criminis*, and therefore the loser within the meaning of the statute, and authorized to recover by action founded on the statute.

This, however, would make the paragraph still worse. If she participated in the illegal transaction, and thereby became the loser, and as such authorized to recover her money by action founded on the stat-

ute, she must sue in her own name, just as her husband or anybody else must, when suing as loser. But that is not all. She must sue within six months. But the paragraph expressly states that more than six months had elapsed when the action was brought. So that it will not aid the paragraph to indulge the presumption that Mrs. Walley's money was gambled away with her knowledge, consent, and direction, in the absence of averments to the contrary. The presumption is to the contrary, and in favor of honesty and fair dealing, innocence, and against fraud. 1 Rice Ev., pp. 88, 89 and 96; *Louisville, etc., R. W. Co.* v. *Thompson,* 107 Ind. 442; *Hunt* v. *Elliott,* 80 Ind. 245, 41 Am. Rep. 794. Hence we are authorized to presume that her money, alleged to have been gambled away by her husband, was so gambled away without her knowledge, consent, or connivance, and hence a common law right to recover it back on her behalf arose; and the code authorized her to invoke that right of action in her own name, and prevents the action from being brought in any other name.

Therefore, the case made by the fourth paragraph of the complaint falls squarely within the first section above referred to requiring that every action must be prosecuted in the name of the real party in interest. That party was Nellie A. Walley and not the State of Indiana.

Where the facts stated in the complaint show that the plaintiff is not the real party in interest, and there is no statute expressly authorizing the plaintiff to sue without joining with him the person for whose benefit the action is prosecuted, as is the case here, such complaint is bad on demurrer for want of sufficient facts to constitute a cause of action. *Rawlings* v. *Fuller,* 31 Ind. 255; *Smock* v. *Brush,* 62 Ind. 156; *Shoemaker* v. *Board, etc.,* 36 Ind. 175; *Board, etc.,* v. *Jameson,* 86 Ind. 154; *Pixley* v. *Van Nostern,* 100 Ind. 34.

It follows that the fourth paragraph of the complaint does not state facts sufficient to constitute a cause of action, because the State, the sole plaintiff, had no right to maintain the action under the facts stated therein.

It is, however, contended by the learned counsel for the appellee that the error, if error there was, in overruling the demurrer to the fourth paragraph was harmless, and no cause for reversal. It is true, if it affirmatively appeared that the verdict and judgment rested on the other, or any of the other paragraphs, then the error of overruling the demurrer to the fourth paragraph would be a harmless error. But the learned counsel for appellee broadly concede that "it affirmatively appears that the judgment rendered was rendered on all the paragraphs of the complaint," referring to the answer to interrogatory 48. Another thing appears in the record that would seem to indicate that the judgment rests on the fourth paragraph, and that is, instead of being rendered in favor of the plaintiff, the State of Indiana, for the benefit of Nellie A. Walley, it is rendered in favor of Nellie A. Walley alone. But it is enough to make the error harmful, and cause for reversal that the record fails to show affirmatively that the verdict and judgment rest exclusively on other paragraphs than the fourth. *Rowe* v. *Peabody*, 102 Ind. 198; Elliott's App. Proc., section 666, and cases there cited.

The learned counsel, however, refer to the code providing that: "No objection taken by demurrer, and overruled shall be sufficient to reverse the judgment, if it appear from the whole record that the merits of the cause have been fairly determined." Section 348, Burns' R. S. 1894 (345, R. S. 1881). And they refer also to a decision of the Appellate Court applying that section of the code, but they misname the case

and do not refer to the volume. The case, however, is *Lake Shore, etc., R. W. Co.* v. *Kurtz*, 10 Ind. App. 60. But they could have found several cases in this court where that provision of the code had been applied. *Baker* v. *Pyatt*, 108 Ind. 61; *Miller* v. *Bottenburg*, 144 Ind. 312. But those cases show that said section of the code has no application where the record fails to show that the ruling on the demurrer was harmless. As was said in *Chapman* v. *Jones*, 149 Ind. 434; "that a cause can have no merits where there is no complaint, or where the complaint, as here, does not state facts sufficient to constitute a cause of action."

There is another objection urged against the sufficiency of each and every one of the paragraphs of the complaint. It is that each paragraph fails to allege that an information was filed with the prosecuting attorney. In as much as the judgment must be reversed on the fourth paragraph, and from what appellee's counsel have said in their briefs they may, by a slight amendment in each paragraph, take the question thus raised entirely out of the record, we deem it unnecessary to decide it.

Numerous errors are alleged in the motion for a new trial, all of which have been elaborately discussed in the briefs of counsel on both sides. But the questions thus presented may not arise again, and hence we deem it unnecessary to extend this opinion for their consideration and decision.

For the error in overruling the demurrer to the fourth paragraph of the complaint, the judgment is reversed, and the cause remanded, with instructions to the trial court to sustain the demurrer thereto.